W. H. FOSTER, Appellant,

v.

RAILROAD COMMISSION of Texas et al., Appellees.

No. 10722.

Court of Civil Appeals of Texas. Austin.

July 15, 1959.

Rehearing Denied Aug. 5, 1959.

Black & Stayton, of Austin, for appellant.

Will Wilson, Atty. Gen., James N. Ludlum, 1st Asst. Atty. Gen., Linward Shivers, Paul Floyd, John Wildenthal, Jr., Asst. Attys. Gen., for Railroad Commission.

Jones, Brian & Jones, Marshall, for Curtis Hickey.

GRAY, Justice.

This is a Rule 37 case and is an appeal from a judgment sustaining an order of the Railroad Commission granting a permit to Curtis Hickey to drill a well on his .625 acre tract in the Bethany Field in Panola County.

Appellant, W. H. Foster, the owner of oil and gas leasehold estates in the field, sued the Commission and Hickey to cancel the above permit.

At the time the suit was filed the well had not been drilled and appellant prayed for an injunction restraining the drilling thereof.

Appellant, in his pleadings, set out in part the spacing rule applicable to the field and alleged:

"The order of the Commission entered January 2, 1959, granting the above described special permit to defendant was entered in violation of the conservation laws and rules applicable to the Bethany Field and the rights of plaintiff and was and is illegal, unjust, arbitrary, unreasonable and discriminatory in fact and in its operation against plaintiff and should be set aside and canceled for the reason that the gas reserves underlying defendant's small lease have a value of about $250.00 and for the reason that the expense of drilling a well to produce such gas reserves would be not less than $75,000.00. For this reason defendant has no property interest of any value in the gas underlying the above described lease and no confiscation of any property interest could result from the denial of the application for special permit to drill a well on said lease. On the other hand, the drilling of such well and the production of gas therefrom would result in confiscation of the gas reserves underlying plaintiff's various leases in the field, in that a large amount of the gas produced from such well after the recovery of gas of the value of about $250.00 would be gas drained and confiscated from beneath leases belonging to plaintiff.

"No waste would or could result from the denial of the above described application of defendant.

*    *    *    *    *    *

"By virtue of all the above matters, if defendant drills said well and produces gas therefrom plaintiff's properties will be irreparably damaged, the value thereof reduced and the recovery of gas therefrom materially lessened in a substantial but inestimable amount. For such injuries and damage plaintiff has no adequate remedy at law in that the extent, character and nature thereof are difficult, if not impossible, of accurate estimation and therefore plaintiff's only practical and adequate remedy is the injunctive relief hereinafter prayed for."

By a trial amendment appellant added the following paragraph to his petition:

"Plaintiff here and now offers to include the Curtis Hickey lease in a pooled unit of approximately 640 acres for the production of gas under such terms as will yield to the owners of the oil and gas estate in said lease the sum of at least $250.00 free and clear of any and all operating expenses."

Appellees specially excepted to appellant's trial amendment and to his petition. These exceptions were sustained, appellant declined to amend and his suit was dismissed.

The .625 acre tract is not a voluntary sub-division within the rules of the Commission and the well in question is the first well for the tract.

The question presented by the pleadings and the special exceptions is the right of appellee Hickey to a first well on his tract.

We have today decided Halbouty v. Darsey, 326 S.W.2d 528, and our opinion in that cause disposes of the questions presented by this appeal. We see no need to here repeat what we said in that opinion and accordingly we refer to and adopt it as our decision here.

The judgment of the trial court is affirmed.

Affirmed.