**ATLANTIC REFINING COMPANY et al.,**
**Appellants,**

v.

**RAILROAD COMMISSION of Texas et al.,**
**Appellees.**

No. 10696.

Court of Civil Appeals of Texas.

Austin.

Nov. 18, 1959.

Rehearing Denied Jan. 6, 1960.

———◆———

Stofer, Houchins, Anderson & Smith, Victoria, Black & Stayton, Austin, for appellants.

Will Wilson, Atty. Gen., James N. Ludlum, First Asst. Atty. Gen., John Wildenthal, Jr., Linward Shivers, Paul Floyd, Asst. Attys. Gen., Strasburger, Price, Kelton Miller & Martin, Robert B. Payne, Dallas, for appellees.

ARCHER, Chief Justice.

This is a Rule 37 case. Special exceptions to plaintiffs' [appellants'] petition were sustained by the 98th District Court of Travis County and, appellants having declined to amend their petition, the cause was dismissed.

The appeal is founded on three points, the first two are directed to the proposition that since appellees' tract of less than one acre contained gas reserves of a value of $5,000 and that the cost to drill a well was not less than $160,000, to produce the gas reserves, the Court erred in holding that appellees had a property interest that should be protected from confiscation by the issuance of a special permit to drill the well. The third point is that where the gas reserves beneath the tract have a value of about $5,000 and the cost of a well to produce such reserves would be not less than $160,000, the principle of *de minimis non*

*curat lex* is applicable and that the Court erred in not so holding.

Appellants pleaded the Statewide spacing rule governing the drilling of gas wells in the Normanna field in Bee County, which provides that no well shall be drilled nearer than 933 feet to any well drilling in the same horizon on the same tract, or nearer than 330 feet to any property, lease or subdivision line and providing for an exception when it is determined that such is necessary to prevent waste or confiscation of property.

Appellants contend that the granting ot a special permit to drill well No. 1 on the C. G. Joyce, Jr., lease of less than one acre is in violation of the conservation laws and discriminatory in fact, and that the value of the reserves underlying the lease had a value of not to exceed $5,000; that the cost of a well would be not less than $160,000 and that the owners of the lease have no property interest of any value in the reserves and no confiscation could result from a denial of the special permit. Further allegation was that after the recovery of the gas and distillate of a value of $5,000 all recovery would be from gas and distillate reserves beneath leases belonging to appellants.

Appellants pleaded an offer to pool the Joyce lease with other leases in the field and to give appellees their pro rata portion of the gas and distillate produced from the pooled unit, without cost, and that appellees declined such offer.

We believe that the Commission had the authority and the duty to grant the permit to Bright and Schiff upon an application, hearing and a finding by the Commission that such permit was necessary to prevent confiscation, as a first well on the tract of land regardless of size, when such tract is not an unlawful subdivision. There is no contention that the tract is an unlawful subdivision or that the permit authorized the drilling of other than the first well.

Recently there were before this Court two cases of a similar nature: Halbouty v. Darsey, 326 S.W.2d 528, er. ref., n. r. e. and Foster v. Railroad Commission, 326 S.W.2d 533, er. ref., n. r. e., which decided the issues presented in this case against the claims of appellants and no useful purpose could be had by a further discussion of the authorities cited in the above cases.

The judgment of the Trial Court is affirmed.

Affirmed.