**Michel T. HALBOUTY, Appellant,**

v.

**W. G. DARSEY, Jr., et al., Appellees.**

**No. 10761.**

Court of Civil Appeals of Texas.

Austin.

Feb. 3, 1960.

James Noel, Houston, Powell, Rauhut, McGinnis, Reavley & Lockridge, Frank Douglass, Austin, for appellant.

Will Wilson, Atty. Gen., James N. Ludlum, First Asst. Atty. Gen., Paul Floyd, Linward Shivers, John Wildenthal, Jr., Asst. Attys. Gen., for Railroad Commission.

Walter R. Koch, Austin, for W. G. Darsey, Jr.

PER CURIAM.

This is a rule 37 case.

This case was originally filed by Pan American Petroleum Corporation in the summer of 1959 to set aside a special drilling permit granted to W. G. Darsey, Jr. by the Railroad Commission Rule 37 Division. Michel T. Halbouty intervened, adopting Pan American's pleading. The Rule 37 permit authorized the drilling of a first well on a .5-acre town lot tract, which had not been voluntarily subdivided, in the Port Acres Field, Jefferson County, Texas. Pan American Petroleum Corporation took a nonsuit. Special exceptions to the original petition were sustained.

The appeal is founded on one point and is:

"The trial court erred in sustaining the appellees' special exception to appellant's original petition because such a holding denies this appellant due process and equal protection of laws as guaranteed by the State and Federal Constitutions."

The facts in this case are very similar to those in our recent case of Halbouty v. Darsey, Tex.Civ.App., 326 S.W.2d 528, er. ref., N.R.E.

The validity of a permit under the circumstances here presented has been affirmed in many cases, the last three being Halbouty, supra; Foster v. Railroad Commission of Texas, Tex.Civ.App., 326 S.W. 2d 533, er. ref., N.R.E., and Atlantic Refining Co. v. Railroad Comm., 330 S.W.2d 494, all by this Court.

The judgment of the Trial Court is affirmed.

Affirmed.