**COLOMA OIL AND GAS CORPORATION,**
Appellant,

v.

**RAILROAD COMMISSION of Texas et al.,**
Appellees.

No. 10902.

Court of Civil Appeals of Texas.

Austin.

July 12, 1961.

Rehearing Denied Aug. 2, 1961.

Wood & Boykin, Corpus Christi, for appellant.

Perkins, Floyd, Davis & Oden, Alice, for Appell Petroleum Corporation.

Will Wilson, Atty. Gen., Houghton Brownlee, Jr., Linward Shivers, B. H. Timmins, Jr., Asst. Attys. Gen., for Railroad Commission.

PER CURIAM.

The Railroad Commission of Texas granted to Appell Petroleum Corporation a permit to drill the No. 1-A, Emma Huddleston well in the Fulton Beach Gas Field in Aransas County, Texas, as an exception to its Rule 37. The order of the Commission recited that the permit was granted "to prevent confiscation and or to prevent physical waste."

The only ground upon which the Commission here seeks to sustain the permit is to prevent confiscation of property. There is no problem of waste, or voluntary subdivision, and the tract in suit is not large enough to comply with the well spacing rules of the Commission.

Appell Petroleum Corporation owns, as assignee, oil and gas leases on four lots, the fee owners of each lot being the same, in the Lamar Townsite which is in the Fulton Beach Field. These lots are lots 9, 10 and 11 in Block 93 (.462 of an acre) which lots are contiguous to each other, and lot 9 in Block 81 (.154 of an acre).

Lot 9 in Block 81 is not contiguous to lots 9, 10 and 11 in Block 93.

All four lots on which Appell has leases were included in the same lease or leases, and production on one lot kept the lease alive as to all four lots. Appell has a producing gas well on its 3 lot tract in Block 93. The permit involved here grants Appell the right to drill on its one lot in Block 81. The distance between this proposed well and Appell's producing well is about 400 feet. The distance between the property lines of Appell's three lot tract and its one lot in Block 81 is about 200 feet.

About midway of Appell's well and its proposed well is the producing well of Coloma Oil and Gas Corporation, the appellant here.

It is undisputed that Appell's well, its proposed well and Coloma's well are all located within the same common gas reservoir.

Coloma protested the permit in suit and filed an appeal in the Court below from the action of the Commission in granting it. From an adverse judgment, it has appealed.

Coloma readily concedes that there are several cases holding that a tract of land, regardless of size, and if not unlawfully segregated, is entitled to one well in order to prevent confiscation of property. Some of these cases are: Atlantic Refining Company v. Railroad Commission, Tex.Civ.App., 330 S.W.2d 494 (11-18-59) application for writ of error pending; Halbouty v. Darsey, Tex.Civ.App., 326 S.W.2d 528, writ ref., N.R.E.; Foster v. Railroad Commission, Tex.Civ.App., 326 S.W.2d 533, writ ref., N.R.E., all by this Court.

Coloma seeks to distinguish these cases on the ground that only one tract was there involved, whereas here there are two tracts commonly owned.

We quote Coloma's basic premise, as taken from its brief:

"The courts are not concerned with the rights of tracts as distinguished from the rights of owners and lessees thereof. A tract as such has no rights which can be confiscated. It is the owner and lessee thereof who have rights which may or may not be confiscated, and it is these personal rights of which the courts speak."

We also quote Coloma's treatment of the authorities cited to sustain this contention:

"Brown v. Humble [Oil & Refining Co.] 126 Tex. 296, 83 S.W.2d 935 (at page 944, '* * * guarantees the opportunity in each owner * * *'); Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (at page 80 '* * * as used in Rule 37 and the rule of May 29, the term "confiscation" evidently has reference to depriving the owner or lessee of a fair chance to recover the oil and gas in and under his land or their equivalents in kind'); Railroad Commission v. Gulf Production Co., 134 Tex. 122, 132 S.W.2d 254 (at page 255 '* * * every owner or lessee is entitled to a fair chance to recover the oil or gas in or under his land, or their equivalents in kind. * * *'); Marrs v. Railroad Commission, 142 Tex. 293, 177 S.W.2d 941 (at page 948 'Every owner or lessee is entitled to a fair chance to recover the oil or gas in or under his land, or their equivalent in kind. * * *')"

Coloma's position is novel and forceful, but we are unconvinced that it is sound.

We believe the major fallacy assumed by Coloma is that the controversy here is judicial in character rather than a judicial review of administrative action.

The Railroad Commission does not and cannot adjudicate the "rights of owners." This is a judicial function.

The spacing rule of the Commission and exceptions to it deal with property, and not with persons.[1]

Of course, every tract of land in this State has an owner, known or unknown; hence it is not possible to separate the welfare of the tract from the welfare of its owner.

This does not mean, however, that the Commission in dealing with tracts determines the rights of their owners except as an incidental consequence. Administrative action as to a tract, as distinguished from the rights of its owners, is exemplified by the history of Pickens v. Ryan Consol. Petroleum Corporation, Tex.Civ.App., 219 S.W.2d 150, writ ref., N.R.E., where we held, in reviewing an order of the Commission that a reconstructed tract, under the Century doctrine,[2] was entitled to a

---

1. The spacing rule applicable to the Fulton Beach Field reads:

"Rule 1. No well for oil or gas shall hereafter be drilled nearer than nine hundred thirty-three (933) feet to any well completed in or drilling to the same reservoir and located on the same leases, tract or farm, or less than three hundred thirty (330) feet to any lease line, property line or subdivision line; provided, however, that the Commission will, in order to prevent waste or to prevent the confiscation of property, grant exceptions to permit drilling within shorter distances than herein prescribed whenever the Commission shall have determined that such exceptions are necessary either to prevent waste or to prevent

the confiscation of property. When an exception to this rule is desired application therefor shall be filed and will be acted upon in accordance with the applicable provisions of Commission Statewide Rules 37 and 38, which applicable provisions of said rules are incorporated herein by reference.

"In applying this rule the provisions of the general order of the Commission relating to the subdivision of property shall be observed."

A rule of the Commission forbids subdividing property in order to avoid its spacing rules.

2. Railroad Commission v. Magnolia Petroleum Co., Tex.Civ.App.Austin, 125 S.W. 2d 398, writ ref.

well, leaving the rights of the owners to be settled in a judicial proceeding. This was subsequently done in a suit between the parties. 155 Tex. 221, 285 S.W.2d 201.

We believe that the answer to Coloma is found in the decisions discussing and deciding whether or not there has been an unlawful subdivision of a tract of land in order to avoid the spacing rules of the Commission. In Railroad Commission of Texas v. Humble Oil & Refining Co., 151 Tex. 51, 245 S.W.2d 488, 489, the Court stated:

"* * * after the promulgation of the Railroad Commission's spacing rule, owners of a single tract cannot, by their voluntary act, subdivide the tract, through leases or otherwise, and create for themselves, or those claiming under them, the right to additional drilling permits on small strips of land, under exceptions to a spacing rule relating to the protection of vested rights, because to permit them to do so would set at naught Rule 37 and the Conservation laws of Texas.

\*     \*     \*     \*     \*     \*

"The rule against subdivision contemplates the prohibition of a division of a tract of land, or tracts of land, under common ownership, into smaller tracts, for the purpose of acquiring additional permits to drill. Until adjoining tracts come under common ownership and control, no action with respect to either tract can be considered as affecting the other in determining whether or not a subdivision has occurred. Gulf Land Co. v. Atlantic Refining Co., 134 Texas 59, 131 S.W.2d 73."

The tracts here not adjoining, it is our opinion that no action with respect to either tract, nor the fact that they are commonly owned, can be considered as affecting the other in determining the right and duty of the Commission to grant each tract a permit to drill a first well in order to prevent confiscation of property.

The judgment of the Trial Court is affirmed.