ALUMINUM COMPANY OF AMERICA
et al., Appellants,

v.

Claire BENZ–STODDARD et al., Appellees.

No. 10999.

Court of Civil Appeals of Texas.

Austin.

May 23, 1962.

Rehearing Denied June 13, 1962.

Vinson, Elkins, Weems & Searls, Raybourne Thompson, James E. Allison, Jr., James W. McCartney, Houston, Clark, Thomas, Harris, Denius & Winters, James H. Keahey, Austin, for appellants.

Will Wilson, Atty. Gen., H. Grady Chandler and Linward Shivers, Asst. Attys. Gen., Austin, Carter, Gallagher, Jones & Magee, Dallas, William E. York, McAllen, Hart & Hart, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order sustaining appellees' special exceptions and holding that as a matter of law appellee Claire Benz-Stoddard is entitled to well completions in all reservoirs underlying her .115 acre townlot tract. The Trial Court dismissed the suit upon appellants' refusal to amend their petition, because the petition does not state a cause of action for cancellation of the permit granted by the Commission to drill a first well and to complete it in any separate reservoir beneath such tract which may be found to be productive.

This is a Rule 37 case involving multiple completion authorization in an exception permit. An application was made in October 1960 by Wis-Tex Oil Company for a permit as an exception to the Railroad Commissions' rules to drill and complete a first well on .115 acre of land in Calhoun County, and requesting authorization for multiple completion. A hearing and a rehearing were had. Subsequently on December 21, 1960, an application was made showing Claire Benz-Stoddard as the applicant who also requested multiple completion authority.

On January 6, 1961, in Rule 37 Case No. 52,744, the permit was granted as follows:

"NOW, THEREFORE, IT IS ORDERED: That the application of Clair-Benz Stoddard for an exception under the provisions of Rule 37 and a permit to drill well No. 1, Spencer J. Scott lease containing .115 acre of land in Section 3, Block 14, P.F. Campbell S/D, Carancahua Beach, Appling Field, Calhoun County, Texas, as shown by plat submitted is hereby approved and applicant is granted permission to drill well No. 1 to be located as follows:

"25' from N and S lines; 50' from E and W lines of Lot 3, Lot 14, P.F. Campbell S/D FOR SPACING PURPOSES ONLY, multiple completion is granted in any zones found productive,

subject to compliance with all applicable rules and regulations of the Railroad Commission. IT IS FURTHER ORDERED that a continuous multi-shot directional survey shall be run, and copies of same furnished the Railroad Commission, and that any operator in the field is authorized to witness such survey."

Since the judgment of dismissal was based on the Court's action in sustaining special exceptions to appellants' petition, the facts alleged in the petition are assumed to be true.

There is actually no substantial dispute of the facts. The Appling Field is a multizone field and there are fifty two separate and distinct reservoirs in the field recognized by the Commission, many of them underlying the same surface area on which the permit was granted. Statewide Rule 37 and applicable rules in the Appling Field provide for spacing. Exceptions are provided where necessary to prevent waste or to prevent confiscation of property. The issue of waste is not involved in this case.

As may be noted in the permit, provision is made:

"For spacing purposes only multiple completion is granted in any zone found to be productive subject to compliance with all applicable rules and regulations of the Railroad Commission."

The techniques of well completion and production permit different reservoirs or horizons to be produced through different strings of casing set in the same well bore and under the Commission's practice, each completion is treated as a separate well. It is possible under the techniques and practices and under the permit, that the permittee can complete as many as six wells on her tract in the same well bore.

The applicable proration orders in effect at the time the permit was granted purport to allocate 1/3rd of the reservoir allowable equally between the wells or completions on a per-well basis regardless of the size of the tract on which a well is located or the amount of reserves underlying that tract.

Factually, this case is said by counsel for appellants to be one of first impression in that it involves multiple completion authorization granted in a Rule 37 exception permit, but that the controlling legal principles are well established.

We believe that it was the burden of Claire Benz-Stoddard to prove that more than one completion is necessary to prevent confiscation of her property.

Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73.

In Atlantic Refining Company v. Railroad Commission of Texas, Tex., 346 S.W.2d 801, the Supreme Court, both in the decision of the Court and the dissenting opinions, reviewed its prior holdings in the several cases cited, and no useful purpose can be had by embodying such herein. The holding is that:

"Appellee is entitled, and entitled only, to be accorded an equal opportunity with surrounding lessees to recover his fair share of the recoverable oil; or, stated differently, to recover the approximate amount of oil lying in place under his lease."

In Railroad Commission of Texas et al. v. C. Murel Williams, 356 S.W.2d 131, the Supreme Court held:

"The basic right of every landowner, including small tract owners, is to a fair chance to recover the oil and gas in and under his land, or their equivalents in kind. Gulf Land Co. v. Atlantic Refining Co., cited just above. This means that the owners and lessees of some small tracts are entitled to a well on their tracts as a matter of law because there is no other way to give them a fair chance to recover the oil and gas under their land. Stanolind

Oil & Gas Co. v. Railroad Commission, cited just above. But they must first prove confiscation or waste."

We believe that the appellee Claire Benz-Stoddard with one completion in her permit is given a fair opportunity to extract her fair share of the gas, measured by a reasonable approximation of the amount of gas or hydrocarbons in place underlying her tract and that the permit authorizing more than one completion was not validly issued.

The permit was granted on one tract of land as an exception, based on the application therefor on Section 3, Block 14, P. F. Campbell Subdivision, Carancahua Beach, Calhoun County, Texas, containing .115 acre, and the fact that there are ten separate reservoirs underlying the tract does not mean that her tract is converted legally or administratively into ten tracts. The permittee is entitled to recover only her fair share of the gas in place under her land. Halbouty v. Darsey, Tex.Civ.App., 326 S.W. 2d 528, error ref., N.R.E.

Appellees take the position that the productive reservoirs or horizons beneath the Claire Benz-Stoddard tract are separate and distinct reservoirs and no communication between such reservoirs, and that a completion in any of these reservoirs will produce gas only from such and not from any other reservoirs and that the permit authorizing the drilling and completion of the well in any zone found productive allows only one completion in any separate reservoir.

We do not believe that appellee Claire Benz-Stoddard is entitled to a completion in each separate reservoir as a matter of law. It is difficult for us to know or determine the exact meaning of the wording in the permit, and absent any evidence, we cannot say that appellee Claire Benz-Stoddard is entitled to a well completion in each and every reservoir or horizon in order to produce her fair share of the hydrocarbons underlying her tract.

Appellant pleaded that pursuant to the permit authorization, Claire Benz-Stoddard triply completed a well on the .115 acre townlot tract. The well bore penetrated ten productive reservoirs. Production from the triply completed well during the six months' period following the completion date was in excess of seven times the original reserves in place and in excess of nine times the original recoverable reserves in place. Already, production from each completion has recovered far more than the equivalent total reserves in place underlying the tract. More than 99% of such production was drained from adjoining tracts and will continue to be drained therefrom; more than 84% of such production was drained and will continue to be drained from appellants' lands.

If these allegations, now taken as true, are established upon trial, they will prove that the permittee's fair share of the hydrocarbons underlying her land has already been produced. It is true that the Commission did not have this information before it when the permit was granted; however, they prove, if true, facts then in existence.

We do not know what evidence was before the Commission to support the permit authorizing multiple completions. If there was no evidence reasonably supporting it, then it is invalid.

We doubt if the Commission would have granted permits to drill, at the same time, three separate wells on this .115 acre tract to prevent confiscation. Substantial evidence to support such an order would be most remarkable.

If one well will prevent confiscation of an owner's oil and gas, then one completion from a single reservoir may do the same. Until it is shown, by substantial evidence, that one such completion will not suffice, more than one completion is not authorized.

The judgment of the Trial Court is reversed and this cause is remanded for proceedings consistent herewith.

Reversed and remanded.