Claire BENZ–STODDARD et al., Petitioner,

v.

ALUMINUM COMPANY OF AMERICA,
Respondent.

No. A–9137.

Supreme Court of Texas.

May 8, 1963.

Rehearing Denied June 12, 1963.

———◆———

Waggoner Carr (Will Wilson), Attys. Gen., H. Grady Chandler, Linward Shivers, Asst. Attys. Gen., Austin, Carter, Gallagher, Jones & Magee, Dallas, William E. York, McAllen, Hart & Hart, Austin, for petitioners.

Vinson, Elkins, Weems & Searls, H. Raybourne Thompson, James E. Allison, Jr., James W. McCartney, with above firm, Houston, Clark, Thomas, Harris, Denius & Winters, James H. Keahey, with above firm, Austin, for respondents.

HAMILTON, Justice.

This is a suit brought by Aluminum Company of America to cancel a Railroad Commission order granting a Rule 37 exception permit to prevent confiscation of the minerals underlying Claire Benz-Stoddard's .115-acre town lot. The trial court sustained special exceptions to the petition and, when Aluminum Company refused to amend, dismissed on the ground that the petition did not state a cause of action for cancellation. The Court of Civil Appeals reversed and remanded. Tex.Civ.App., 357 S.W.2d 809. Claire Benz-Stoddard and the Railroad Commission are petitioners.

We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

■ Since this case comes to us on a special exception in the nature of a general demurrer we must accept respondent's allegations as true. The allegations are as follows:

Underlying Claire Benz-Stoddard's .115-acre tract are ten vertically separated gas reservoirs, or horizons, among which there is no communication of gas. Multiple completion techniques make it possible to produce gas from as many as six of these reservoirs through only one well bore. The Commission's order granted Claire Benz-Stoddard's request for permit to drill one well and to make multiple completions in as many reservoirs as were productive. The order recites that the permit is granted to prevent "confiscation and/or waste", but the parties agree that there was no issue of waste in this case, only of confiscation. Respondent alleged that because of the proration order in effect at this field at the time the permit was granted ($\frac{1}{3}$ of the allowable allocated on a per well basis and $\frac{2}{3}$ allocated on a per acre basis), a single completion well during its life would make it possible for petitioner to recover more than her equivalent of the minerals in place in all ten reservoirs under her land, thus would fully protect her against confiscation. Respondent further alleged that petitioner has in fact made triple completions and has already recovered more than seven times the gas in place beneath her tract in all ten reservoirs, 84% of which has been drained from respondent's portion. Respondent did not allege that petitioner has access to any one of the ten reservoirs by means of another well on another tract. Respondent alleged that this was a voluntary subdivision but expressly waived and abandoned that allegation before the trial court.

The Court of Civil Appeals held that petitioner was entitled to an opportunity to recover the equivalent of her share in the ten reservoirs beneath her tract—not the

specific minerals—and that since under the proration order in effect at the time the permit was granted she could with a completion in only one reservoir recover more than enough gas to make up her equivalent in all ten reservoirs, she was as a matter of law not entitled to multiple completions. In support of this holding the Court of Civil Appeals cites Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W. 2d 73; Atlantic Refining Co. v. Railroad Commission of Texas, 162 Tex. 274, 346 S.W.2d 801; Railroad Commission of Texas v. Williams, Tex., 356 S.W.2d 131; and Halbouty v. Darsey, 326 S.W.2d 528 (Tex. Civ.App.1959), writ ref'd n. r. e.

Petitioner Claire Benz-Stoddard contends that it is immaterial that she could with one completion recover from a single reservoir an equivalent of her fair share of the gas in all ten reservoirs lying beneath her tract. She further argues that if allowing multiple completions will cause unreasonable drainage of respondent's lands, respondent has recourse by way of attack on the proration order, not by attack on the exception permit.

Respondent argues that our decisions in Williams, supra, and Coloma Oil & Gas Corp. v. Railroad Commission of Texas, Tex., 358 S.W.2d 566, compel us to hold that once it has been shown that a single completion will afford petitioner an opportunity to recover her fair share of the gas in all ten reservoirs, there is not as a matter of law substantial evidence to support a finding of necessity for multiple completions to prevent confiscation. In other words, respondent contends the Commission must treat petitioner's fair share of the gas in ten separate reservoirs as if it were all contained in one reservoir. Respondent does not contend that Claire Benz-Stoddard is not entitled to a "first well", only that she is not entitled to completions in more than one reservoir.

The question before us is: Where a tract of land overlies several vertically separated gas reservoirs, shall the Railroad Commission, in applying the exception to Rule 37, treat the several reservoirs separately or as one? We hold that the Railroad Commission was correct in treating them separately and therefore the facts alleged by respondent do not state a cause of action for cancellation of the permit allowing multiple completions.

Petitioner Claire Benz-Stoddard has mineral property in ten separate reservoirs and is entitled to a Rule 37 exception permit in each reservoir if she has shown that confiscation will result. We must presume that the Railroad Commission has found that confiscation would result. Article 6049c, Vernon's Ann.Tex.St. Respondent does not allege that there will be no confiscation in each reservoir when considered separately.

The Williams and Coloma cases, supra, upon which the Court of Civil Appeals relies, do not support respondent's contention here. We wish to point out that in each of those cases this court held in effect that the applicant for the exception to Rule 37 already had a well within the same reservoir and drainage area as the second tract for which the permit was sought, and that the well already in existence could produce and drain from the second tract the oil or the equivalent of the oil in place under such tract, and that the second well was not necessary to prevent confiscation of applicant's oil in the common reservoir. The distinction is simple. In each of those cases there was one common reservoir, while in the case before us there are several separate reservoirs.

We think that Article 6008, V.A. T.S., which authorizes the Railroad Commission to regulate the production of gas contemplates that the Railroad Commission will treat reservoirs of gas underlying the same tract of land separately. Section 4(a), reads as follows:

"If oil and/or gas be produced through different strings of casing set in the same well bore, the inner string through which oil and/or gas be pro-

duced shall be regarded as one well, and each successive additional string of casing through which oil and/or gas shall be produced, from a different producing horizon, the others producing through the same well bore, shall be regarded as another well."

We think this section authorizes the Railroad Commission to treat a completion in each reservoir as a "first well". In Section 12, Article 6008, we find this language:

"The monthly reservoir allowable shall be allocated among all wells entitled to produce gas therefrom so as to give each well its fair share of the gas to be produced *from the reservoir,* * * *." (Emphasis added.)

■ The granting or denial of a Rule 37 exception permit in a "first well" situation has never been held to depend upon the quantity of gas which may be allowed to be produced from the well or whether the granting of such permit may result in drainage from adjoining owners. See Atlantic Refining Co. v. Railroad Commission of Texas, 330 S.W.2d 494 (Tex.Civ.App.1959), writ ref'd n. r. e.; Halbouty v. Darsey, 326 S.W.2d 528 (Tex.Civ.App.1959), writ ref'd n. r. e.; Foster v. Railroad Commission, 326 S.W.2d 533 (Tex.Civ.App.1959), writ ref'd n. r. e.

■ We realize that the granting by the Railroad Commission of the multiple completion order under the general proration order in effect in the field does create a situation in which grave injustice may be done the respondent. However, we do not feel that the solution of the problem lies in denying the application of the exception to Rule 37 to each separate reservoir underlying petitioner's land. In the case of Brown v. Humble Oil & Refining Company, 126 Tex. 296, 83 S.W.2d 935, at page 944, this court, in discussing the validity of Rule 37 said:

"Conditions may arise where it would be proper, right, and just to grant exceptions to the rule so as to permit wells to be drilled on smaller tracts than prescribed therein. * * * but in all such instances it is the duty of the commission to adjust the allowable, based upon the potential production, so as to give to the owner of such smaller tract only his just proportion of the oil and gas. * * *

" * * * This right to control the rate of flow in order to prevent waste also enables the commission to offset the advantage obtained by one who is given an exception to the spacing rule by limiting his allowable production to the extent necessary to overcome this advantage. In this way the commission, by controlling the oil stored in the common reservoir, is enabled to carry out the dominant purpose of preventing waste, and, at the same time, permit each owner to enjoy the opportunity fully to realize upon his estate by developing and recovering his oil and gas. We therefore hold that the Railroad Commission has the power, under the conservation statutes, to promulgate a spacing rule, as was done, regulating the drilling of oil wells, and to provide for an exception to the rule to protect vested rights and to prevent waste; and the exception to the rule is not too uncertain or indefinite so as to render the rule invalid. No unreasonable hardships need result, if the rule is faithfully and impartially applied by those authorized by law to administer it."

■ It can be seen that the very validity of Rule 37 and the exception thereto is based upon the principle that the Railroad Commission can so regulate the flow of the gas that no unreasonable hardship need result from its application. This court reiterated this principle in Atlantic Refining Company v. Railroad Commission of Texas, 162 Tex. 274, 346 S.W.2d 801, and Halbouty v. Railroad Commission of Texas, Tex., 357 S.W.2d 364.

We hold, therefore, that since the Commission is authorized to treat each completion in a separate reservoir as a separate well, it may grant multiple completions in each reservoir in which it finds there will be confiscation. The allegation that under the existing proration order petitioner will recover more gas from her land through one completion than underlies her land in all the reservoirs does not amount to a denial of the presumed finding by the Commission that there will be confiscation in each reservoir.

We therefore reverse the judgment of the Court of Civil Appeals and affirm that of the trial court dismissing respondent's cause of action.