**ANDERSON DEVELOPMENT CORPORATION,**
**Appellant-Appellee,**

v.

**COASTAL STATES CRUDE GATHER-
ING COMPANY, Appellee-Appellant.**

**No. 1422.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 20, 1976.

Rehearing Denied Nov. 17, 1976.

Robert L. Burns, Sears & Burns, Houston, for appellant-appellee.

Bill Blackburn, Corpus Christi, Bernard Schrader, Houston, for appellee-appellant.

CIRE, Justice.

This suit arises out of a contract between Anderson Development Corporation and Coastal States Crude Gathering Company. Anderson agreed to construct two steel pipelines from Damon, in Brazoria County, to Webster Junction, in Harris County. Anderson sued to recover damages for breach of contract, payment of retainage withheld by Coastal, and payment on an invoice for work performed. The trial court sustained four special exceptions to the severable cause for breach of contract and, after Anderson declined to amend, rendered a take-nothing judgment thereon. The court also awarded a take-nothing judgment on a cross-action by Coastal. Trial to the court for recovery of the retainage and for the amount of the invoice resulted in a $69,943.59 judgment for Anderson, plus interest and costs. Both parties perfected limited appeals. Tex.R.Civ.P. 353.

Anderson appeals only from the take-nothing judgment rendered on its action for damages arising out of its alleged breach of contract. This ground of recovery, pleaded in Anderson's second amended original petition, was based upon Coastal's failure to supply proper right-of-way as required by paragraph 9 of the contract. Anderson alleges this failure caused work to be done in the inclement fall months instead of the more desirable summer months, forced Anderson to construct in a piecemeal fashion, prevented completion of the job until 76 days after the date required in the contract, and caused Anderson expenditures of $267,-525.33 in excess of the amount Coastal was obligated to pay under the contract.

Anderson first assigns error in the trial court's sustaining of a special exception to the effect that Anderson's petition did not state a cause of action because it stated an incorrect measure of damages for the alleged breach of contract. Anderson claimed as damages the sum it expended to complete the job, less the amount Coastal owed under the contract pricing schedule. Coastal's special exception maintained that the only measure of damages was determined by paragraph 9, which read:

> The Company will make every reasonable effort to make materials and right-of-way available so as not to delay construction. After Contractor has received written notice to begin performance of construction work and if, after having started the work of ditching, welding, and laying pipe, contractor is forced to completely shut down all operations of construction by reason of lack of materials or rights-of-way to be furnished by Company, Contractor shall be compensated by a lump sum payment per day per spread for each shut down day in accordance with rate set forth in Exhibit "B", Unit Price Schedule.

Exhibit B provided for a lump sum price of $2,000 per day in excess of five days.

In ruling on the trial court's sustaining of special exceptions and dismissal of a suit for failure to state a cause of action, we accept all of Anderson's pleaded allegations as true. *Benz-Stoddard v. Aluminum Co. of America*, 368 S.W.2d 94, 96 (Tex.Sup. 1963); *Wheeler v. White*, 398 S.W.2d 93, 95 (Tex.Sup.1965).

Anderson asserts that this liquidated damage clause contemplated only a complete shutdown of all operations and is inapplicable here. We agree. Anderson pleaded facts showing that when a right-of-way problem arose the advance crews would move to a location further along the route and begin work, so that they never completely shut down. Should there have been a complete shutdown, this clause would have been an appropriate measure of

damages. It fixed a reasonable measure of damages for a contract breach incapable of estimation or very difficult to accurately estimate. This is the purpose of a liquidated damage clause. Restatement of Contracts § 339 (1932); *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952). It was limited to that contingency, and this special exception of Coastal's should not have been sustained.

Anderson's points of error 2, 3, and 4 assert the trial court erred in sustaining three special exceptions to paragraph 12 of Anderson's petition. This paragraph alleged that Anderson spent $812,324.80 to complete the job, which is $267,525.33 over the $544,799.47 Coastal owed Anderson under the contract's Unit Price Schedule, that these sums represent the reasonable value of work done for Coastal, and that Coastal is obligated to pay the excess of $267,525.33 because its failure to supply proper right-of-way caused the expenditures.

Coastal's first special exception to this paragraph complained that Anderson asserted an improper measure of damages by trying to recover every dollar spent without showing a direct causal connection with any specific alleged breach by Coastal.

Anderson is not required to make such a showing in its pleadings. Under Texas practice, the purpose of a pleading is to inform the court and defendant of the plaintiff's claim and the nature of the issues to be tried. Special exceptions are available to the defendant to force a clarification of unclear or unspecific pleadings. *Yeager Elec. & Plumbing Co. v. Ingleside Cove Lumber & Builders, Inc.*, 526 S.W.2d 738, 742 (Tex.Civ.App.—Corpus Christi 1975, no writ). The petition here sets out the nature of the construction work called for and the factors involved in determining the price Anderson could charge for a project. Such factors include the season in which the work was to be performed, the time within which the project was to be completed, and the estimated progress which could be made. Anderson's claim was that Coastal, in continually failing to provide proper right-of-way, frustrated Anderson's effi-cient operation, causing additional expenditures to complete the work. In seeking to recover the additional cost of completing the project caused by Coastal's alleged breach of contract, Anderson used a correct measure of damages. *Farris v. Smith Erectors, Inc.*, 516 S.W.2d 281, 283–84 (Tex.Civ. App.—Houston [1st Dist.] 1974, no writ); *Bd. of Regents v. S & G Constr.*, 529 S.W.2d 90, 98 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). Its petition gave adequate notice of its claim and the issues to be tried.

Coastal's next special exception asserted that Anderson claimed special damages which were not specifically stated. Tex.R.Civ.P. 56. We disagree. General damages are those which naturally and necessarily flow from a wrongful act, and are presumed to have been foreseen or contemplated by the party as a consequence of his wrongful act. Special damages arise naturally but not necessarily from the wrongful act, and must be shown to have been foreseen or contemplated. *Moore v. Anderson*, 30 Tex. 224, 230 (1867); *Sterling Projects, Inc. v. Fields*, 530 S.W.2d 602, 605 (Tex.Civ. App.—Waco 1975, no writ). Coastal contracted to furnish proper right-of-way, which was a prerequisite to Anderson's doing any work; it is foreseeable that its failure to supply right-of-way would keep Anderson from progressing with construction and would cause Anderson additional expense in completing work. These are general damages.

The final special exception complained that Anderson's petition did not sufficiently specify its alleged damages to allow Coastal to prepare its defense. Anderson alleged that Coastal's failure to provide right-of-way caused expenditures for additional salaries, purchase and rental of equipment, maintenance, and supervision. This pleading gave Coastal adequate notice of the kinds of expenditures which Anderson claimed resulted from Coastal's breaches of contract, and provided a reasonable starting point for Coastal's discovery. Our rules do not require pleading of evidence. *Ark. Fuel Oil Co. v. State*, 154 Tex. 573, 280 S.W.2d 723, 725 (1955).

Anderson's points of error are sustained.

Coastal appeals only from that portion of the judgment rendered for Anderson on Invoice No. 1106 in the amount of $13,-872.50 and the $30,000 retainage plus 6 percent interest from March 3, 1966.

By points of error 1 and 14–17 Coastal complains of the judgment awarding Anderson the $30,000 retainage. Coastal contends the evidence established Anderson itself breached the contract. It maintains that Anderson, having shown no excuse for its breach, cannot recover and the trial court thus erred in rendering judgment for Anderson. Coastal also assigns as error the trial court's conclusions of law that Anderson fully performed the contract, that Coastal was not authorized to keep the retainage, and that Anderson should recover the retainage. We disagree.

 Anderson did breach the contract's time provisions requiring completion within 45 days after August 16, 1965; it pleaded that it finished work on or about December 15, 1965. This failure to comply with the contract could prevent Anderson from recovering the full amount due it; but if performance was prevented by Coastal, the contractor's failure to timely perform will be excused. *Miller v. Hodges*, 260 S.W. 168, 172 (Tex.Com.App.1924, jdgmt. adopted); *Ryan v. Thurmond*, 481 S.W.2d 199, 206–07 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). Testimony was given by P. S. Reed, Anderson's general manager, evidencing an excuse for Anderson's failure to timely perform; thus, the element of excuse will be presumed in favor of the trial court's finding that Anderson fully performed the work required under the contract. Tex.R.Civ.P. 299; *See Jacobini v. Zimmerman*, 487 S.W.2d 249, 251 (Tex.Civ. App.—Fort Worth 1972, no writ).

 Coastal's points of error 2–8 are based upon paragraph 8 of the contract. This paragraph authorized Coastal to retain 15 percent of the amount due Anderson, which would be released upon acceptance of Anderson's work and proof by Anderson that all claims for labor, materials, and supplies were settled. Coastal's points of error 2–6 complain of the legal and factual sufficiency of the evidence to support the trial court's findings of fact and conclusion of law that Coastal accepted Anderson's work. Paragraph 8 of the contract specified the method by which work was to be approved and Anderson paid. It stated that at the end of each week in which work was done, Anderson was to prepare a written statement, forward it to Coastal, and upon approval by Coastal's chief inspector, 85 percent of the approved statement was to be paid. The evidence showed this procedure was not followed. Reed testified that Coastal's inspectors prepared bi-monthly progress reports or "construction certificates" approved by the field superintendent, which were sent to Coastal's offices and then sent to Anderson to authorize billing. Anderson's invoices were prepared from Coastal's reports. The evidence showed Coastal paid all the invoices, except No. 1106 and $30,000 of the $51,824.75 retainage. He also testified Coastal has used the pipeline. These acts constitute a waiver of the contractual acceptance provisions and all are evidence of Coastal's acceptance of the work. *Premier Petroleum Co. v. Box*, 255 S.W.2d 298, 301 (Tex.Civ.App.— Eastland 1953), *writ ref'd n. r. e. per curiam*, 152 Tex. 321, 257 S.W.2d 105 (1953).

 Coastal's points of error 7 and 8 complain of the legal and factual sufficiency of the trial court's finding that no claims for labor, materials, or supplies were pending against Anderson or Coastal as required under the contract for payment of the retainage. These points are overruled because any error in this finding would be harmless. Tex.R.Civ.P. 434. Coastal has waived its rights in the contract provision on which this finding was based. In addition to releasing two-fifths of the retainage, a letter in evidence from Coastal's counsel, Bernard W. Schrader, offered to release the remaining $30,000 upon Anderson's assurance that Coastal would not be held liable for a property damage claim made by R. A. Suarez against Anderson. Coastal chose simply to hold the money for another purpose.

■ The court found that Invoice No. 1106 was based upon a separate contract between the parties, supported by consideration. It provided that Anderson was to bore under oil field roads and install pipes. Coastal's points 9, 10, 12, and 13 attack these findings on the ground that they are not supported by a pleading of a separate contract. Anderson did plead that Coastal "refused to pay Anderson's Invoice No. 1106 . . . ." We believe this pleading was sufficient to put Coastal on notice of Anderson's claim on a specific invoice.

■ Point 11 complains of the trial court's conclusion that the separate contract to bore under the oil field roads was supported by consideration. Coastal contends there could be no evidence of new consideration since the contract already obligated Anderson to bore and construct the pipeline at such locations. The trial court, however, found that the contract pricing schedules did not cover boring and insertion of the 8″ and 12″ pipe which was used at the oil field roads. This finding is sufficient to support the court's conclusion that the contract was supported by consideration.

Coastal's points are overruled.

That part of the trial court's judgment ordering that appellant Anderson Development Corporation take nothing on its action for damages in the amount of $338,525.33 is severed and reversed and remanded for trial. That part of the judgment ordering that Coastal States Crude Gathering Company take nothing against Anderson Development Corporation and awarding Anderson Development Corporation $69,943.59, together with interest and costs of suit, is severed and affirmed.

Affirmed in part; reversed and remanded in part.