W. E. "Buddy" SANDERS, Individually and
d/b/a Buddy Sanders Display
Service, Appellant,

v.

FIT–ALL PRICING CORPORATION,
Appellee.

No. 7829.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 15, 1967.

Thomas A. Melody, Dallas, for appellant.

Dan Hoffmeyer, Ungerman, Hill, Ungerman & Angrist, Dallas, for appellee.

CHADICK, Chief Justice.

Fit-All Pricing Corporation instituted a sworn account action against W. E. "Buddy" Sanders, Individually and d/b/a Buddy Sanders Display Service in County Court #3, Dallas County. Sanders' original answer contained a general denial and a verified plea that "such claim is not just or true, in whole or in part, and that all offsets, just and lawful, payments and credits have not been allowed", together with a cross-action against Fit-All to recover $5,-179.46, plus costs of suit. Fit-All Pricing Corporation entered a special appearance to challenge the jurisdiction of the court to entertain Sanders' cross-action.

On the same day Fit-All entered its special appearance, Sanders filed a "Motion to Pass Setting"; the motion's grounds and prayer are as follows:

"Without waiving any former motion Defendant prays of the Court to pass this setting to a time convenient to the Court and the Plaintiff because of bus conditions upsetting the regular work week of the Defendant. Further, Defendant desires time to bring in certain exhibits not now available in the form of materials supplied by the Plaintiff to the Defendant, the subject matter of this controversy.

"WHEREFORE, PREMISES CONSIDERED Defendant prays for passing of this Court setting of the 4th day of October, 1966."

Two days later, on October 6th, the case proceeded to trial. The trial judge sustained Fit-All Pricing Corporation's plea to the jurisdiction of the County Court to entertain Sanders' cross-action and dismiss such cross-action. The record on appeal reflects that Sanders' general denial and verified contravention of Fit-All's sworn account

remained unaffected by the ruling. However, immediately after Sanders' cross-action was dismissed, his counsel in open court tendered for filing an instrument labeled "Defendant's First Amended Answer". The instrument was orally described and tendered as a trial amendment. Objection to filing was made on the ground that leave of the Court had not been obtained; following a colloquy between the trial judge and counsel, some off-the-record and a part only reported, the judge refused leave to file the instrument. Appellant Sanders' one point of error is: "The trial court incorrectly overruled the Defendant's Trial Amendment consisting of an affirmative defense which would have allowed adequate defense, such overruling being arbitrary, an abuse of discretion, resulting in substantial injury to the Appellant".

Examination of the rejected pleading[a] shows it to have a hybrid nature. Besides a general denial and a verified controvention of Fit-All's sworn account, a third paragraph pleads an offset of $361.88 as not having been properly credited as an offset against the total of the sworn account. This paragraph alleges that the product purchased by Sanders from Fit-All was inferior to, and not of the quality represented, resulting in damage to Sanders of $361.88 in loss of material and the sum of $50.00 for labor in its replacement. The prayer (see footnote a) was that Sanders be discharged of liability on the account and that he recover judgment for costs of suit, together with $361.88 cost of inferior material, and $50.00 for labor. The statement of facts shows the trial judge understood the instrument to be a cross-action to recover judgment for material and labor. Sanders, speaking for himself while on the witness stand, appeared to agree that he understood the instrument to be an effort to recover damages. Counsel for Sanders did not commit himself to an interpretation, apparently relying on the instrument to speak for itself. While proper interpretation is not free of doubt, it appears from the prayer that the pleading contemplated not only an offset against the sworn account, but also, a recovery of damages, in addition to an offset. So construed, the

a. The body and prayer of the pleading are as follows:

"NOW COMES W. E. Buddy Sanders, individually, and dba Buddy Sanders Display Service, and files this his Defendant's First Amended Answer, and would show the Court:

"Defendant denies each and every all and singular the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof.

2.

"Defendant further denies that the Plaintiff's Original Petition and any amendment thereof does not contain a proper verified account in that such claim is not just or true, in whole or in part, and that all offsets just and lawful, payments and credits have not been allowed.

3.

"That such offsets are namely: That invoice order No. 9287, 8551 & 8552 in the amount of $361.88 has not been properly credited or offset in that such product identified was represented to be the same as the Eastman product known as Uvex, being cellulose acetate butyrate, and that such product being used by the Defendant properly in signs has yellowed and discolored, and that such yellowing and discoloration was through no failure or negligence of the Defendant, and that such representation by the agent, being Richard Florence, being within the scope of his employment, acting for, and on behalf of Plaintiff, assured Defendant, upon which Defendant relied that such goods were equal to and could be used the same as the identified Eastman product, and that the Defendant relying upon such representation had said product fail and discolor and cause him $361.88 damages because of loss of the material, and in addition, the sum of $50.00 labor in replacement of said signs and material.

"That said Defendant has been damaged in the amount of this offset which has not been allowed by the account.

"WHEREFORE, PREMISES CONSIDERED Defendant prays that the Plaintiff go hence without day, and for costs of suit, and for $361.88, the costs of the material, and for $50.00 labor for replacement of said material."

proposed amendment to the pleading was actually in part a cross-action praying for affirmative relief by way of a judgment for or an award of damages.

█ It is a general rule that a party appearing in a case is charged with notice of subsequent amendments to an *opponent's* pleadings without the necessity of a new citation. On this problem Professor Roy McDonald in 2 Tex.Civ.Practice, Sec. 811, says, that the practice prior to current rules was that when a cross-action was filed without leave of the court, the cross-defendant was entitled to have actual notice of the amendment before judgment was rendered thereon. However, he expresses the view that such procedure may no longer apply, because, under the prior practice, leave to amend was considered a device to assure notice of the pleading to the opponent; but, under current rules, in instances when no leave is required, notice is assured by the requirement of Rule 72 that a copy of the amendment be forwarded to the opponent.[b] He does not discuss the problem that arises in the situation presented by this appeal. Here the amendment was tendered shortly before trial without notice to the pleader's opponent and without leave of the trial judge permitting it to be filed. Under the circumstances of this case, the logic of the prior practice would prevail. Otherwise, if leave to file was granted, the cross-defendant would be put to trial upon the cross-plaintiff's suit for damages when the cross-defendant had no notice of the suit and its demands before trial time.

█ On consideration of the entire record, it appears the trial judge, in this instance, did not abuse his discretion in refusing to grant permission to Sanders to amend his pleading at the time it was tendered. A reading of the statement of facts makes it apparent that the trial judge was willing to permit Sanders, pursuant to the pleading before the court, to show any offsets and credits he might be entitled to as a result of being furnished and charged for inferior goods. Sanders tendered no evidence that the goods furnished him were inferior in quality or otherwise. The record shows no request by Sanders for a continuance after the original cross-action was dismissed. The Court is aware of the reduction of the amount demanded in the original cross-action to a demand in the second for an amount within the jurisdiction of the County Court; but, because of the unique nature of the original cross-action and the context in which it was plead, this Court prefers to base affirmance upon the grounds discussed. Since no error is shown requiring a reversal, discussion of other aspects of the case would be to no purpose. The point of error must be overruled and judgment affirmed.

---

**b.** Authorities supporting Professor McDonald's view are listed in the footnotes to the text.