Norman N. CAMPBELL, Appellant,

v.

R. O. DAVIS, Appellee.

No. 1085.

Court of Civil Appeals of Texas,
Tyler.

March 3, 1978.

Rehearing Denied March 30, 1978.

J. Gordon Shanklin, Johnson, Guthrie, Billings, Nash & Shanklin, William F. Billings, Dallas, for appellant.

James P. Finstrom, Dallas, for appellee.

McKAY, Justice.

Appellee Roland Davis sued Harold Collum and appellant Norman Campbell for damages for breach of an oral agreement concerning the purchase of a tract of land. The case was tried to a jury, and based on the jury's answers to special issues, the trial court entered judgment that Davis take nothing from Collum and recover $20,624.38 from Campbell. It is from this judgment that Campbell has perfected his appeal.

A summary judgment opinion by the Dallas Court of Civil Appeals on a previous appeal of this case is found in 524 S.W.2d 790.

Appellee alleged in his pleadings that on or about August 15, 1971, Campbell entered into an oral contract with him whereby Campbell agreed to lend him $55,000 to purchase a piece of property known as El Rancho-Tel located at 6131 Harry Hines Boulevard in Dallas, Texas. Campbell was to receive a commission of $6,500 and ten per cent interest per annum from the date of sale for lending Davis the money. Appellant was to hold a mortgage on the property until appellee repaid the debt out of the proceeds of a subsequent sale of the property.

Plaintiff further alleged that on or about August 28, 1971, appellant requested a modification in the original agreement. Title was to be held in the name of Harold Collum and appellee would pay Collum $2,000 for his services, such fee to be paid out of the subsequent sale of the property. Appellee alleged that he had an oral option to purchase the land from the C. D. Wyche estate which terminated on September 1, 1971, and, therefore, was under duress in agreeing to the modification. Davis further alleged that appellant agreed that if Davis produced a purchaser for the property, or if a purchaser was obtained through any efforts of Davis, Collum and appellant would receive the amounts previously agreed upon by the parties, and Davis

would receive the balance of the profits of the sale. As consideration for his agreement, appellee agreed to pay all costs of transferring the title to the property.

Appellee alleged that Collum and appellant breached this modified agreement by conspiring to defraud Davis and retaining all profits from their sale of the land on July 20, 1972. Appellee asked for actual damages of $90,000 and punitive damages of $50,000.

Appellant Norman Campbell answered by general denial, specifically denying that any contract existed; that if a contract existed, such failed for lack of consideration; that Davis had no interest in the property; that any alleged agreement was not in writing in violation of Tex.Bus. & Comm.Code sec. 26.01(a) and (b)(4) or Tex.Rev.Civ.Stat.Ann. art. 7425b–7, and, therefore, unenforceable and claiming as offsets, rent due under a lease agreement between the parties in the amount of $13,500 and judgments and tax liens against appellee in the amount of $8,491.03; and that appellee was to receive any compensation from the sale only if he sold the property which he did not do.

Four special issues were submitted to the jury. The jury found that Campbell "orally agreed to loan R. O. Davis $55,000.00 to purchase the property in question from the Wyche estate on the terms of ten percent interest and payments of fees of $6,500.00 and $2,000.00." The jury then found that Davis would have received $20,624.38 from the proceeds of the sale on July 20, 1972, if Campbell had performed such agreement. The jury failed to find that Campbell had acted with intent to commit a fraud upon Davis. Based on this negative answer, the jury did not answer the issue on exemplary damages.

Appellee Davis originally purchased and began operation of El Rancho-Tel in 1953. After a period of time, however, he failed to make the loan payments and Exchange Savings and Loan, the first lien holder, foreclosed. C. D. Wyche then took over the property subject to the first lien. Davis purchased the property from Wyche, giving a second lien note. Wyche died in 1969, and

in October 1970, the Wyche estate foreclosed on its lien and bought the property at the foreclosure sale. Davis and his corporation, El Rancho-Tel, Inc., then signed a one-year lease with the estate to begin on March 10, 1971.

Davis testified that he had a written six-month option to sell or repurchase the property which expired August 15, 1971. He further testified that after August 15, he had a similar oral agreement with a Mr. Martin, trustee for the Wyche estate, which was to expire on September 1, 1971.

On May 20, 1971, Davis agreed to sell the property to John Wesley Jones, representative of a group of doctors, for $242,000.00. The contract was signed by Davis and Jones. Peter Bell was designated as Davis' agent. Davis also testified that at the time the contract was signed he was the only party to the transaction who knew he did not have title to the property. The purchasers discovered Davis' lack of ownership and refused to consummate the sale. The estate was never contacted concerning this potential sale.

Davis then sought to borrow enough money to repurchase the property from the Wyche estate. On or about August 15, 1971, Davis contacted Campbell for this purpose. He explained to Campbell his understanding with the Wyche estate, asked for a loan of $55,000 and proposed that he purchase the property from the Wyche estate, and take title in his own name. The loan was to be repaid when Davis sold the property, together with ten per cent interest and a "bonus" of $5,000.00. Campbell was interested, but desired to have the property appraised by Collum, a real estate broker.

At trial, Davis testified that on August 22 or 23, 1971, he offered Campbell $6,500 plus ten per cent interest and $2,000 to Collum, and that Campbell agreed to lend the money with those modifications.

Davis further testified that two days before the closing Campbell proposed that the property be placed in Collum's name, that Davis receive sixty-five to eighty per cent

of the profit, rather than pay the "bonus," and that he agreed to these changes only because his option was to expire in two days and he could not raise the needed capital in such a short period of time. The closing occurred on August 31, 1971, and title to the property was in Collum's name. Davis then entered into a lease agreement with Collum in order to continue the motel operation. The agreement called for rental of $1,600.00 per month.

In July, 1972, Campbell and Collum sold the property for $210,000.00 to the same group of doctors with whom Davis had negotiated in May 1971, retaining all proceeds of the sale for themselves. It is undisputed that appellant applied a portion of the proceeds to payment of liens existing against the property, including the first and second liens, two judgment liens and a tax lien delinquent and presently due. All taxes were also paid at the time of the sale.

 We agree with appellee that appellant's points of error are multifarious under Rule 418, Tex.R.Civ.P. A point of error which embraces more than one specific ground of error or which attempts to attack several distinct and separate rulings of the trial court will be considered multifarious, in violation of Rule 418, and not entitled to review. *Pine v. Gibraltar Savings Assn.*, 519 S.W.2d 238, 244 (Tex.Civ. App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialties, Inc.*, 463 S.W.2d 228, 231 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *International Security Life Ins. Co. v. Howard*, 456 S.W.2d 765, 766 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.). Appellate courts have given a liberal interpretation of the rules in favor of the sufficiency of an appellant's brief and frequently consider general and multifarious points of error where, from the statements and arguments under the point, the nature of appellant's complaint can be determined. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Airport Coach Service, Inc. v. City of Fort Worth*, 518 S.W.2d 566, 573 (Tex.Civ.App.— Tyler 1974, writ ref'd n. r. e.). Therefore,

giving appellant's points of error a liberal interpretation, we will consider them.

In his point one, appellant contends that the trial court failed to submit the special issues controlling the case as raised by the pleadings and evidence.

 When the court submits a cause of action upon special issues, it shall submit the cause upon special issues controlling the disposition of the case that are raised by the written pleadings and the evidence in the case. Tex.R.Civ.P. 277, 279. Nevertheless, a party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection, and any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission or fault in pleading, shall be deemed waived unless specifically included in the objections. Tex. R.Civ.P. 274. Where one objects in his brief on appeal to the court's charge on a ground which he did not assert in the trial court, that objection is waived. See *Crutcher-Rolfs-Cummings, Inc. v. Ballard*, 540 S.W.2d 380, 388–389 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.), cert. denied 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095; *Northshore Bank v. Palmer*, 525 S.W.2d 718 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.). In his objections to the court's charge, appellant contends:

> "[T]here is no competent evidence to support such issues . . . . Furthermore, that there is insufficient evidence. Furthermore, and in the alternative, there is insufficient evidence to submit Special Issue No. 1 . . . . Furthermore, an affirmative answer to . . Special Issue No. 1 would be so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust."

Appellant now asserts that the court failed to submit the controlling issues of the case. The appellant has thus failed to point out distinctly in his objections to the charge of the court the grounds which he asserts here. The objection is, therefore, waived. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the judgment was excessive and he is entitled to a remittitur. From his argument, we interpret this point to mean that appellant was entitled to certain offsets as a matter of law.

According to Rule 85, Tex.R. Civ.P., an original answer may present, among other things, a cross-action which to that extent will place a defendant in the attitude of a plaintiff. Once in that attitude, a defendant has the burden of proof on his claim by way of setoff, counterclaim or cross-action. *Edwards v. Blissard*, 440 S.W.2d 427, 431 (Tex.Civ.App.—Texarkana 1969, writ ref'd n. r. e.). Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived. Tex.R.Civ.P. 279. But it is not necessary for the trial court to submit an issue on an undisputed fact. Tex.R.Civ.P. 272, 279; *Sullivan v. Barnett*, 471 S.W.2d 39, 44 (Tex. 1971); *Marburger v. Jackson*, 513 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).

The trial court did not submit any special issues as to any of appellants claimed offsets. However, it is undisputed that appellee owed appellant $13,500.00 for rent due under their lease agreement. Therefore, it was not necessary for the trial court to submit an issue on that fact. Accordingly, we find appellant is entitled to an offset of $13,500.00 for rent due and unpaid, as a matter of law. Appellant's point two is sustained.

In point of error three appellant complains of the trial court's admission of appellee's oral testimony as to the alleged agreement. Appellant contends such action violated the parol evidence rule, Tex.Rev. Civ.Stat.Ann. art. 7425b–7 (Texas Trust Act) and the Tex.Bus. & Comm.Code Ann. art. 26.01(b)(4) (Statute of Frauds).

In our opinion, it is sufficient to say that the parol evidence rule and art. 7425b–7, Tex.Rev.Civ.Stat.Ann., are inapplicable to the facts we have before us.

Likewise, the alleged agreement between the parties does not come within the Statute of Frauds. Tex.Bus. & Comm. Code art. 26.01(b)(4). Although the agreement concerned a tract of land, it was not "a contract for the sale of real estate." Appellant's point three is overruled.

Appellant complains in point of error four that there was no evidence that appellee found a buyer for the property, and the alleged oral agreement was unenforceable as contrary to the Statute of Frauds. We have covered this point in our discussion of points of error one and three. In light of our discussion of appellant's first and third points of error, we find point of error four to be without merit, and it is overruled.

Appellee also asserts that a ten per cent penalty should be assessed by this court under Rule 438 because the appeal was taken for delay only, and there was no sufficient cause for taking this appeal. Such contention is overruled.

Lastly, appellee contends the trial court erred in refusing to grant judgment with interest thereon at the rate of six per cent per annum from July 20, 1972, until the date of judgment. We are of the opinion that this was a suit to recover an unliquidated demand, rather than a liquidated demand as claimed by appellee. Even though in some instances one might be entitled to interest as damages on an unliquidated demand, appellee is not so entitled in this case. Appellee's counterpoint six is overruled.

The judgment of the trial court is reformed to provide recovery for appellee, Roland Davis, in the amount of $7,124.38 from appellant, Norman Campbell, with interest at the rate of nine per cent (9%) per annum from date of judgment, and, as reformed, is affirmed.