CITIZENS STATE BANK OF DICKINSON, Texas and Citizens State Bank of Dickinson Texas, Independent Executor of the Fagans Dickson, Deceased, Appellants,

v.

L.R. BOWLES, Jr., Trustee, Appellee.

No. A14–82–295CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 29, 1983.

Rehearing Denied Nov. 23, 1983.

Charles R. Hancock, Dickinson, for appellants.

Frederick J. Bradford, William T. Little, Otto D. Hewitt, III, McCleod, Alexander, Powel & Apffel, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment in favor of L.R. Bowles, Jr., Trustee (appellee). The original suit was filed against Citizens State Bank of Dickinson, Texas (appellant) in its capacity as Independent Executor of the Estate of Fagan Dickson, alleging breach of contract, fraud, and violation of the Texas Deceptive Trade Practices Act. Appellee subsequently amended his petition to include appellant bank in its individual capacity. After trial to a jury, the court entered judgment against appellant, both in its individual and representative capacities, for actual damages, additional damages, and attorney's fees based on the Deceptive Trade Practices Act. We affirm.

We summarize the facts for clarity. Upon the death of Fagan Dickson in 1977, Citizens State Bank of Dickinson, Texas assumed the duties of independent executor of Dickson's estate in accordance with his will. The estate included the "Fagan Dickson Ranch," a 359.5 acre tract of land located in Burnet County, near Marble Falls, Texas, which is the subject of this lawsuit. Prior to his death, Fagan Dickson was involved in litigation with his divorce attorneys concerning their legal fees. This matter was still pending when he died. In December of 1978, appellant bank, represented by Robbye Waldron, a vice president and trust officer, entered into a settlement agreement with Dickson's attorneys. The bank agreed to pay the attorneys $20,000 in cash and to convey to them an undivided one-hundred acre interest in the "Fagan Dickson Ranch." In addition, appellant bank and the attorneys executed a Sale and Partition Agreement, which provided that the attorneys would have a purchase option, or right of first refusal, to the entire 359.5 acre tract of land, if anyone made a bona fide offer in writing to pay $1,000 or more per acre for the entire tract. The agreement further provided that if the attorneys chose to exercise their right of first refusal, they would be obligated to complete the transaction on the same terms and conditions contained in the contract submitted by the prospective purchaser. The settlement agreement was filed of record in Travis County, Texas in January of 1979, but was never filed in Burnet County. The Sale and Partition Agreement was not recorded until December 28, 1979.

In August of 1979, appellant bank decided to sell the Dickson property, and contacted appellee, a Marble Falls resident, who had earlier expressed an interest in acquiring the land. After conferring by phone with Mr. Waldron, appellee and his attorney prepared and submitted an earnest money contract. This document was subsequently redrafted to reflect certain changes requested by appellant bank. The contract was signed by Waldron and sent to appellee for his signature. Appellee signed the contract on October 19, 1979, and returned it to Waldron, along with a $20,000 deposit. While the earnest money contract contained

no reference to the outstanding interest held by Dickson's divorce attorneys, nor to any right of first refusal, appellee admitted that Waldron had informed him of the attorneys' outstanding interest. However, he testified that Waldron had assured him that the owners of the outstanding interest would join with appellant bank in conveying the property, and that only one earnest money contract was needed, with appellant bank designated as the seller.

After the earnest money contract was executed, Waldron informed Dickson's attorneys, who then notified him by letter that they intended to exercise their option. On November 21, 1979, Waldron wrote the attorneys, agreeing to execute the necessary documents to sell them the "Fagan Dickson Ranch." Waldron also wrote appellee the same day to tell him the property was to be sold to other parties as of December 30, 1979. After appellee received Waldron's letter, he retained counsel in the Galveston area, and a hearing was scheduled for December 28, 1979, to consider appellee's petition for specific performance and injunctive relief. Upon the advice of appellant bank's attorney, Waldron flew to San Antonio on December 27, 1979, and proceeded to close the sale with Dickson's attorneys between 11:30 p.m. and 12:00 a.m. that evening. Waldron and the attorneys then drove to Marble Falls early on December 28, 1979, and recorded the deed. Since this transaction was completed prior to the hearing set for December 28, the matter to be heard was rendered moot. Appellee proceeded with the prosecution of this lawsuit.

In answer to special issues, the jury found that Waldron did not notify Bowles of the purchase option agreement prior to the execution of the earnest money contract; that Waldron did not notify appellee that the earnest money contract would not be effective until approved by Dickson's attorneys; that Waldron represented to appellee that the earnest money contract conferred rights or obligations which it did not have; that Waldron's representations were a producing cause of the damage to appellee; that Waldron knowingly made these representations; that the market value of the property during the period October through December was $1,800; that Waldron misrepresented material facts to appellee with the intent of inducing him to execute the contract; and that appellee relied to his detriment on the false representations.

In points of error one and two, appellant contends the trial court erred in overruling its plea in abatement and motion for leave to add parties. Appellant claims that while appellee brought suit in his capacity as a trustee in accordance with a trust agreement executed in August of 1979, the trial court abused its discretion in failing to require the joinder of the trust beneficiaries to accomplish "just adjudication" pursuant to TEX.R.CIV.P. 39. We disagree.

While it is a general rule that in suits involving trust property, both the trustee and the beneficiaries should be made parties, this rule is subject to many exceptions, as where, by the terms of the trust, the power to litigate concerning such property is expressly conferred upon the trustee. *Smith v. Wayman*, 148 Tex. 318, 224 S.W.2d 211 (1949); *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377 (1945). The trust agreement in the instant case expressly sets out appellee's power to prosecute any claims or lawsuits affecting the disputed property. We, therefore, overrule points of error one and two.

In point of error three, appellant contends the trial court erred in rendering judgment against appellant bank, individually, because it was not served, nor did it file an answer, in such capacity. We find no merit in this contention. Appellee filed suit on December 29, 1979, naming appellant bank in its representative capacity as an independent executor. On June 18, 1980, appellee filed an amended petition, also naming the bank in its individual capacity. Appellant makes no claim that he was not before the court at the time the petition was amended, or that he did not timely receive copies of the amended pleadings pursuant to TEX.R.CIV.P. 72.

Generally, a defendant who has answered or appeared in a case is charged with notice of subsequent amendments to the plaintiff's petition without the necessity of new citation. *Sanders v. Fit-All Pricing Corporation,* 417 S.W.2d 886 (Tex.Civ.App. —Texarkana 1967, no writ); *Landrum v. Robertson,* 195 S.W.2d 170 (Tex.Civ.App.— San Antonio 1946, writ ref'd n.r.e.). We find this rule applicable to an amended pleading complaining of a present party in an additional capacity. *See Pryor v. Krause,* 168 S.W. 498 (Tex.Civ.App.—El Paso 1914, writ ref'd). We overrule point of error three.

In points of error four and five, appellant asserts the trial court erred in overruling his motion for judgment notwithstanding the verdict. Clearly, the court did not err in such regard if there is any evidence of probative force upon which the jury could have made the findings upon which the judgment is based. *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.1974). The court must review the record in the light most favorable to the jury findings, considering only the evidence and inferences which support them, and rejecting the evidence and inferences contrary to the findings. *Williams v. Bennett,* 610 S.W.2d 144 (Tex.1980); *Dodd v. Texas Farm Products Co.,* 576 S.W.2d 812 (Tex.1979). Applying these rules, we find the trial court correctly overruled appellant's motion. The evidence shows that Waldron, appellant bank's vice president and trust officer, did not inform appellee of a purchase option regarding the "Fagan Dickson Ranch" at any time during negotiations for the sale of the land. The Sales and Partition Agreement containing the purchase option was not filed of record at the time the earnest money contract was executed. While he did tell appellee that other parties held a 100 acre interest in the "Fagan Dickson Ranch," he represented to appellee that appellant bank had the power to convey the property in its entirety. When appellee inquired if *two* earnest money contracts would be necessary, Waldron told him to prepare only one, indicating appellant bank as "Seller." The earnest money contract

contained no terms which conditioned its effectiveness on any joinder by other parties or by another party's right of first refusal. In support of the jury findings regarding the price per acre, appellee's expert witness testified that the value of the land during the period in issue was $2,500 per acre. Appellant's expert witness testified that the land was worth $900 per acre. The jury apparently determined $1,800 to be a fair figure between the high and low valuations.

In order to support a judgment based on a violation of the Deceptive Trade Practices and Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.-41-.63 (Vernon Supp.1982–1983), plaintiff must be a consumer of goods, as defined in Section 17.45, and must show he has been adversely affected by any of the false, misleading, or deceptive acts or practices declared unlawful in Section 17.46. Among these acts and practices is a representation that an agreement confers or involves rights which it does not have. A consumer, as defined, includes an individual who seeks or acquires by purchase or lease, any goods or services. The definition of goods includes real property purchased for use. In the instant case, appellee is a consumer who sought to purchase goods for use. The evidence shows that the seller represented the purchase agreement conferred or involved rights it did not have. We hold that there clearly was evidence of probative force in support of the jury findings set out above, and the court properly entered judgment based on the Deceptive Trade Practices Act. *See Anderson v. Havins,* 595 S.W.2d 147 (Tex.Civ.App.—Amarillo 1980, no writ). We overrule appellant's points of error four and five.

In points of error six through nine, appellant contends the trial court erred in overruling its motion to disregard the answers to special issues and its objection to Special Issue Nos. 6 and 8. We will not address the merits of these claims. Appellant has not complied with TEX.R.CIV.P. 418. Rule 418(e) states, in part:

A brief of the argument shall present separately or grouped the points relied upon for reversal. The argument shall include (i) a fair, condensed statement of the facts pertinent to such points, with references to the pages in the record where the same may be found; and (ii) such discussion of the facts and authorities relied upon as may be requisite to maintain the point at issue.

Appellant has grouped points four through nine together for discussion. However, it has failed to provide support for points six through nine with a clear statement of the facts, and a discussion of those facts with applicable authority. It is well settled in this state that points not properly briefed are waived. *Arndt v. National Supply Co.*, 650 S.W.2d 547 (Tex.App.—Houston [14th Dist.] 1983, writ filed); *Mossler v. Texas Commerce Bank*, 640 S.W.2d 702 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Arrechea v. Arrechea*, 609 S.W.2d 852 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

In point of error ten, appellant claims the trial court erred in overruling its objection to Special Issue No. 6 which asked the jury to determine "the reasonable market value of the land in question between October and December, 1979." Appellant contends the court erred in failing to use the phrase, "reasonable *cash* market value." We cannot support this contention. In objecting to a charge, a party must point out distinctly the matter to which he objects and the grounds of his objection. TEX.R. CIV.P. 274. An objection does not meet the requirements of this rule unless the defect relied upon and the grounds of the objection are stated specifically enough to support the conclusion that the trial court was fully cognizant of the ground of complaint and deliberately chose to overrule it. *Davis v. Campbell*, 572 S.W.2d 660 (Tex.1978); *Mowery v. Fantastic Homes, Inc.*, 568 S.W.2d 171 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). Appellant objected to the term "market value" because it did not "present the legal requirement to determine a measure of damage." This objection was not sufficient to preserve error. We overrule point of error ten.

In point of error eleven, appellant contends the trial court erred in overruling its objection to Special Issue No. 6 wherein it complained that the fair market value of the property should be determined as of December 27, 1979, rather than during the period October through December, 1979. Appellant argues that appellee alleged a breach of contract on December 27, and that such date is the only date upon which market value could be determined. We disagree. Appellee sought to recover damages from appellant based on fraud, violation of the Deceptive Trade Practices Act, and breach of contract. The acts allegedly committed by appellant occurred during the months October through December of 1979. Appellant cites no authority, nor do we know of any, which requires a party to specify a date upon which fair market value must be determined, when the alleged wrongful acts occurred during the course of several months. We overrule point of error eleven.

In point of error twelve, appellant has raised an objection which it did not assert in the trial court. Therefore, the objection is waived. *See Stewart v. Fitts*, 604 S.W.2d 371 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); *Campbell v. Davis*, 563 S.W.2d 675 (Tex.Civ.App.—Tyler), *rev'd on other grounds*, 572 S.W.2d 660 (Tex. 1978).

In point of error thirteen, appellant contends the trial court erred in refusing to submit Special Issue 2a. We disagree.

Appellant tendered the following issue: Do you find from a preponderance of the evidence that Robbye R. Waldron gave notice to L.R. Bowles, Jr. prior to the execution of the Earnest Money Contract dated October 19, 1979 that title to all the property could not be conveyed by the Bank under the terms of the Earnest Money Contract of October 19, 1979 without the joinder of the San Antonio attorneys in a deed of conveyance?

The court refused to submit this issue. However, it submitted the following issue tendered by appellee:

> Do you find from a preponderance of the evidence that Robbye R. Waldron gave notice to L.R. Bowles, Jr. prior to the execution of the Earnest Money Contract dated October 19, 1979 that although such contract was executed by Robbye R. Waldron, said contract would not be effective until executed, or otherwise approved of by the San Antonio attorneys?

We find no significant distinction between the issue submitted by the court and that tendered by appellant. A case will not be reversed where the trial court has failed to submit other and various phases or different shades of the same issue. *Prudential Ins. Co. of America v. Tate,* 162 Tex. 369, 347 S.W.2d 556 (1961).

 In points of error fourteen, fifteen, and seventeen, appellant contends the trial court erred in overruling his special exceptions (No. 1 and, in part, No. 2) to appellee's petition, and in allowing appellee to present improper and inflammatory evidence. However, appellant has again failed to present any coherent argument to support such claims, has provided us with no applicable authority, and has made little or no reference to the record. By omitting these matters, appellant has not complied with TEX.R.CIV.P. 418, and has waived his points of error. *Arndt v. National Supply Co., supra; Arrechea v. Arrechea, supra.*

In points of error sixteen and eighteen, appellant argues the trial court erred in overruling his motion for new trial, or, in the alternative, in failing to direct a remittitur, because (1) the jury finding of $350,000 in exemplary or additional damages was so large as to show bias, prejudice, and passion on the part of the jury, and (2) the amount was so excessive as to shock the conscience of the court. We find no merit in these contentions. As a general rule, in the absence of an affirmative showing of bias or prejudice, this court will not disturb a jury finding based on the ground of excessiveness if there is any probative evidence to sustain the award. *T.J. Allen Dis-tributing Co. v. Leatherwood,* 648 S.W.2d 773 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.); *Texas Construction Service Co. of Austin, Inc. v. Allen,* 635 S.W.2d 810 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Browning v. Paiz,* 586 S.W.2d 670 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Applying the applicable standard, we have carefully reviewed the record, and we do not find that appellee's damages are excessive. These points are overruled.

The judgment of the trial court is affirmed.