**William Howard CLEMENT, Appellant,**

v.

**Adam S. NACOL, Appellee.**

**No. 17753.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 8, 1976.

Short & Copeland, and Donald E. Short, Wichita Falls, for appellant.

Nelson, Montgomery & Robertson, Keith Nelson and Charles R. Wilson, Wichita Falls, for appellee.

OPINION

BREWSTER, Justice.

The plaintiff, Adam S. Nacol, sued defendant, Howard Clement, in trespass to try title. The case started as a jury trial, but at the close of all the evidence the trial court dismissed the jury and rendered judgment, stating that the court was of the opinion that plaintiff, Nacol, should recover from the defendant, Clement, the title and possession of the premises described (the land was here described in the trial court's judgment by metes and bounds).

The judgment also stated the following:

"The Court further finds that the Plaintiff has the right, after having put up partitions which are adequate to support the sections of any building lying partially on adjoining land, to take down the parts of any such buildings which encroach upon the Plaintiff's land described more particularly above."

The appeal is brought by the defendant, Howard Clement, from that decree.

The defendant's answer contained a "not guilty" plea. It also alleged: "If further Answer is needed, Defendant alleges that he has never asserted any right of possession to real property owned by the Plaintiff." It also contained a general denial.

The lawsuit centers around three lots or tracts of land. Two of those lots had a common boundary line running generally north and south. The north boundary line of both of those lots was also the southern boundary line of the third lot. The third lot adjoined the other two lots on the north. At one time, prior to the involvement of either plaintiff or defendant with them, all three lots were leased to the same person. During that period one warehouse-type building was built, a part of which was located on each of the three lots.

Mr. Clement, defendant, acquired a leasehold interest in the three tracts under separate leases. At that time the building was already built. Clement leased one of those tracts from the Deatherages; another from the Hairstons; and the third from the Fort Worth and Denver Railroad. The Deatherage tract is the one in dispute in this case. It lies to the west of the Hairston tract which Clement now owns. The Fort Worth and Denver Railroad Tract lies to the north of the other two lots, and its southern boundary line is the north line of the other two lots.

Mr. Clement has continued the lease on the Railroad tract, and he has bought the Hairston tract from the descendants of D. D. Hairston, who were the fee owners. Mr. Clement allowed the lease on the Deatherage tract to lapse. It is the title to the Deatherage tract that is in dispute.

Plaintiff's pleadings put in issue the title to the entire tract involved.

At the conclusion of all of the evidence the trial court took the case from the jury and rendered judgment for plaintiff. Plaintiff's contention on the appeal is that he had established as a matter of law that the plaintiff and defendant both deraign their title from a common source and that the title he has from the common source is superior to the title that defendant derived from that same source. His contention is that plaintiff's immediate predecessors (the Deatherages) were the common source of title.

Plaintiff also contends that he proved as a matter of law that he had prior possession of the land in controversy and was entitled to judgment as a matter of law on that theory.

We reverse and remand.

Defendant's fourth point of error is that the trial court erred in admitting into evidence a xerox copy of a warranty deed (PX 5) purporting to convey title to the land involved from plaintiff's immediate predecessors (the common source) to the plaintiff, Nacol.

We sustain that point of error.

PX 5 is a picture of an original instrument (a deed), and the evidence is to the effect that if plaintiff does have title to the land involved, he got it by virtue of that deed.

PX 5 was identified as a copy of a warranty deed signed by Gerald E. Deatherage and wife, Monte E. Deatherage and wife, and Bruce Deatherage. It purported to convey title to the land involved to the plaintiff, Nacol. When plaintiff offered the copy into evidence, the defendant objected on the grounds that it was not the best evidence and because a proper predicate had not been laid. The trial court overruled the objection and admitted the exhibit into evidence.

A written instrument is itself the best evidence of its contents. *Service Mut. Ins. Co. of Texas v. White,* 138 S.W.2d 273 (Tex.Civ.App., Galveston, 1940, writ ref.) and *Pettit v. Campbell,* 149 S.W.2d 633 (Tex.Civ.App., Fort Worth, 1941, no writ hist.). The general rule is that if the original writing is not produced or its non-production accounted for, secondary evidence of its contents is not admissible. *Wheat v. Citizens National Bank at Brownwood,* 310 S.W.2d 735 (Tex.Civ.App., Eastland, 1958, ref., n. r. e.) and *Hill v. Taylor,* 77 Tex. 295, 14 S.W. 366 (1890).

A summary of the rules as to production of the original document is clearly and accurately stated in "Texas Law of Evidence" (Sec. 1562, p. 401) as follows: "Where inquiry is being made as to the contents of a material document, the only competent evidence of such contents is the document itself, unless the document be first shown to be unavailable as being lost or destroyed or absent from the jurisdiction without fault on the part of the person offering the evidence, or as being in the adversary's possession where he has been notified to produce it, or as being a part of the public records, in all which cases other evidence may be resorted to.

"The rule is dispensed with in cases where the exact terms of a document are only 'collaterally' involved in the litigation, and also where the admission of the adversary himself or his privies in interest, as to the terms of the document, are offered."

In this case the plaintiff made no effort whatsoever to lay a predicate to show that a copy of the deed was admissible under any of the exceptions to the general rule that are set out above. He also made no effort to make the exhibit admissible by complying with Art. 3726 or Art. 3726b, V.A.C.S.

Plaintiff now contends that the copy was admissible under Art. 3731c which is as follows:

"Photographic or photostatic copies of written instruments; use in judicial or administrative proceedings

"Any copy or reproduction of a writing or written instrument, by photographic, photostatic, microfilm or other processes which accurately reproduces or forms a durable medium for reproducing the originals of any such writing or written instrument, can be used and its use shall be permitted in any judicial or administrative proceeding or trial, including the taking of depositions, where the party using the same, at the time of its offer in evidence either produces the original or reasonably accounts for its absence, or where there is no bona fide dispute as to its being an accurate reproduction of the original. This Act shall be cumulative of any other statutory or common law relating to the subject hereof. Acts 1959, 56th Leg., p. 867, ch. 393, § 1."

Plaintiff contends that it was admissible under that statute on the proof made *because there is no bona fide dispute as to its being an accurate reproduction of the original.*

■ We disagree with that contention. To make the exhibit admissible on the theory urged by plaintiff, it was incumbent on him to lay a predicate by showing that there was no bona fide dispute as to the copy being an accurate reproduction of the original. Plaintiff made no effort to lay such a predicate. The instrument was therefore not admissible under Art. 3731c on the theory urged by the plaintiff.

■ When he offered the Exhibit 5, plaintiff simply offered evidence identifying the exhibit as being a copy of a deed, had the witness identify the signatures of the grantors as being genuine, and then offered it into evidence, at which time the defendant promptly objected to its being introduced on the grounds that it was not the best evidence of the deed.

We hold that the trial court abused its discretion in admitting PX 5 into evidence under the facts of this case because there was no evidence from which it could conclude that there was no bona fide dispute between the parties on the question of whether the exhibit was an accurate reproduction of the original.

The error in admitting this exhibit into evidence was a prejudicial one. The exhibit did not relate to a collateral matter. It is the instrument by which plaintiff contends he acquired title to the lot from the common source. Without this deed plaintiff did not prove up a case under the common source doctrine.

There was also no evidence in the case tending to show that the plaintiff has ever personally had possession of the tract involved. There is evidence to show that the Deatherages had possession and that at one time they rented the land to Clement. In

the absence of proof of a conveyance from the Deatherages to the plaintiff, under the facts of this case, the plaintiff also failed to prove his right to a judgment against Clement under the prior possession theory which he now also relies upon to uphold the decree involved.

Our ruling above expressed on defendant's point of error No. 4 controls the decision of this appeal.

Defendant urges other points of error. All questions as to the admissibility of copies of other instruments that were also admitted into evidence could have been taken out of the case by simply complying with Art. 3726 and Art. 3726b, V.A.C.S.

The questions involved in the other points of error, after the parties have had the occasion to brief them on this appeal, will probably not arise on a retrial of the case. For that reason, we will not discuss them.

We here call attention to the wording of the judgment appealed from. The trial court simply made several findings, without ever decreeing anything. A judgment so worded is questionable, to say the least. We assume that that question will also be removed on a retrial.

We are convinced that the interests of justice require that we remand instead of render judgment as requested by defendant.

Reversed and remanded.