**Brenda GLOVER, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. A2148.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 14, 1979.

Rehearing Denied Dec. 5, 1979.

D. John Leger, Leger, Hall, Hill & Glover, Houston, for appellant.

Robert M. Collie, Jr., City Atty., Burt Bellanfant, Asst. City Atty., Houston, for appellee.

Before BROWN, C. J., and JUNELL and MILLER, JJ.

JUNELL, Justice.

A personal injury plaintiff, Brenda Glover, sued the City of Houston for its alleged negligence for failure to properly maintain city streets, and failure to warn motorists of the dangerous condition resulting therefrom. The plaintiff was injured in a collision which occurred after her automobile hit a large hole or rut just off the paved portion of a road in northwest Houston, causing her to lose control. The jury found negligence on the part of the City and on the part of the plaintiff, but answered all proximate cause issues against the plaintiff. Glover appeals from the judgment claiming that the findings of no proximate cause as to the City's negligence are against the great weight and preponderance of the evidence. Appellant also claims that there is insufficient evidence to support the findings of negligence and proximate cause as to her acts. We overrule all points and affirm the judgment of the trial court.

When a jury finding is attacked on the ground that it is against the great weight and preponderance of the evidence, appellate review is guided by the test stated in the case of *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). That case charges the Court of Civil Appeals to consider and weigh all evidence in the case, and to reverse the judgment if it concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Appellant urges that the case of *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957), controls the present situation. She contends that because the findings of negligence against the City show such clear misconduct, the jury finding of no proximate cause must be overturned, and cites *Biggers* as authority for this court to reverse. We do not so construe that case. The *Biggers* case mandates this court to affirm the judgment if there is evidence of probative value which, with reasonable inferences therefrom, will support any one of the findings of proximate cause. *Biggers, supra, citing Hall v. Medical Bldg. of Houston*, 151 Tex. 425, 251

S.W.2d 497 (1957). That case does not provide precedent for this court to substitute its conclusions for the jury verdict. The rule is well settled that the question of proximate causation is one of fact peculiarly within the province of the jury, and the jury finding on it will be set aside only in the most exceptional cases. *Enloe v. Barfield,* 422 S.W.2d 905 (Tex.1967); *Pate v. Southern Pacific Transp. Co.,* 567 S.W.2d 805 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ ref'd n. r. e.). Upon a review of the entire record in this case we find no such exceptional circumstances.

■ Appellant assigns error claiming that the findings of no proximate cause on the City's failure to repair are against the great weight and preponderance of the evidence. The record reveals testimony, however, from which the jury could and did infer that her own negligent acts were the proximate cause of the collision. Glover testified that she attempted to pull her car back on the road after falling into the rut. The jury found this to be negligence and a proximate cause of her injuries. There was testimony that the appellant was driving 25–30 mph, and the jury found this to be negligence under the conditions and a proximate cause of the collision. Glover testified that she saw large ruts all along the side of the road. All witnesses admitted that the ruts along LaMonte were obvious to anyone traveling on it. The jury, in applying the "but for" rule to determine proximate cause, could have found that even given the City's negligence, the plaintiff's negligence alone caused the accident. Given the testimony from various sources which could tend to place proximate causation elsewhere, the finding of no proximate cause as to the City's failure to repair is affirmed.

■ The appellant also assigns error claiming that the finding of no proximate cause on the City's failure to place warning signs along the roadway is against the great weight and preponderance of the evidence. Every witness testified that the holes and ruts on the side of the road were open and obvious, and readily apparent to anyone driving on the street. The jury could certainly infer from this testimony that the failure to erect warning signs was not a cause of the accident because all parties were already aware of the condition, and thus no sign would have prevented the collision.

We hold, therefore, that because the issue of proximate cause is one of fact for the jury, and there was sufficient evidence of probative value to support the verdict, the findings of no proximate cause as to the City's negligence are not against the great weight and preponderance of the evidence, and will not be overturned.

Appellant raises four additional points of error in her brief attacking the sufficiency of the evidence to support the jury findings of negligence and proximate cause as to her speed and her attempt to pull the car back on the paved portion of the road.

■ An insufficient evidence point should be sustained when the evidence adduced in support of the existence of a fact is factually too weak to support it. A review of the entire statement of facts in this case reveals probative evidence sufficient to support the findings of negligence and proximate cause on the part of the appellant.

■ The appellant assigned the insufficient evidence points but did not brief them. The law is clear that on appeal points raised but not briefed are waived. *Security Federal S. & L. Ass'n v. Dewitt,* 536 S.W.2d 262 (Tex.Civ.App.–Amarillo 1976, writ ref'd n. r. e.). For this additional reason we overrule the insufficient evidence points.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.