Gwenda Fuller ARRECHEA, Appellant,

v.

Harry Joe ARRECHEA et al, Appellees.

No. A2406.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 26, 1980.

Rehearing Denied Jan. 14, 1981.

Donn C. Fullenweider, Haynes & Fullenweider, Houston, for appellant.

Percy Foreman, Foreman & DeGuerin, Houston, Don Prager, Fort Worth, Roy Engelke, Dickinson, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from judgment in a case which originated as a divorce action in May 1977. Appellee, the mother of Harry Joe Arrechea, was joined in the action because of her claim to real property which was alleged by Appellant to be community property of the marriage. Appellee filed a counterclaim to collect on a promissory note which the Appellant and her husband allegedly signed during 1969. The case was tried to a jury which found for Appellant on the special issues concerning the property dispute. No special issues were submitted concerning Appellee's counterclaim on the promissory note. The trial court rendered judgment n. o. v. for Appellee on these issues. Appellant appeals from the recovery on the promissory note and the award of tile in the real property to Appellee. There is no appeal made of that portion of the judgment granting the divorce and the division of the community estate except as that division relates to the real property at issue.

Appellant claimed that the real property in Arlington, Texas was given to her and her husband by Appellee when Appellee paid the balance due at time of the purchase. Appellee alleges that the payment was intended as a loan, and that, while she allowed her son and the Appellant to occupy the house and later to receive the rents therefrom, she never intended to make them a gift of the house.

In her first point of error, Appellant complains that it was error for the trial court to

grant judgment n. o. v. because the findings of the jury were supported by the pleadings and the evidence. The jury answered "yes" to the following three special issues concerning the Arlington property: Do you find 1) that the Appellee made an unconditioned gift of the Arlington property to Gwenda and Harry Arrechea, 2) that Gwenda and Harry Arrechea took possession of the Arlington property, and 3) that Gwenda and Harry Arrechea made substantial permanent improvements on and to the Arlington property?

To reverse the action of the trial court in granting the motion for judgment n. o. v., more than a scintilla of evidence must be found upon which the jury could have made its findings. The review should consider only the evidence and inferences which support the jury findings. *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 650 (Tex.1977). The judgment of the trial court merely recites that specific grounds were set forth in the motion for instructed verdict and recites that the court was of the opinion that the motion was well taken and should be granted. It is necessary, therefore, that the Appellant establish on appeal that the judgment n. o. v. cannot be supported on either of the grounds set out in the motion. *McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964); accord, *Guynn v. Corpus Christi Bank and Trust*, 589 S.W.2d 764, 770 (Tex.Civ.App.-Corpus Christi 1979, writ dism'd).

The motion for judgment n. o. v. alleges first that the pleadings of the Appellant were insufficient to support the submission of the three special issues and the introduction of evidence of an "oral gift" of the land and secondly that there was no evidence upon which the jury could have based its findings as to these special issues. The purpose of pleadings is to inform the court and the opposing party of the nature of the issues to be tried. *Anderson Development Corp. v. Coastal States Crude Gathering Co.*, 543 S.W.2d 402, 405 (Tex.Civ. App.-Houston [14th Dist.] 1976, writ ref'd n. r. e.). The title of a pleading is not controlling. Courts look to the substance rather than the form in determining the relief sought. *Leach v. Brown*, 156 Tex. 66, 292 S.W.2d 329, 331 (1956); *Ramirez v. Flores*, 505 S.W.2d 406, 412 (Tex.Civ.App.-San Antonio 1973, writ ref'd n. r. e.); accord, *Emmons v. Creditors Financial Services*, 492 S.W.2d 363, 366 (Tex.Civ.App.-Waco 1973, no writ).

Counsel for Appellant admitted that the instrument entitled "Statement of Trial Issues" was filed within seven days of the initial trial date and that it was labeled such in an attempt to circumvent Rule 63 of the Texas Rules of Civil Procedure which states that if the amendment is filed within seven days of the date of the trial it shall be filed only after leave of the judge is obtained. The instrument was intended to function as an amended pleading and was purposely mislabeled. Such cannot be approved. This hearing was then postponed. The Appellant had over thirty days in which he could have filed Amended Pleadings. He failed to do so. The Statement of Trial Issues cannot be characterized as a sufficient pleading even under the liberal guidelines set forth above. Without this, the submission of the three special issues was unsupported by the pleadings on file. The trial court did not abuse its discretion in granting judgment n. o. v. on this basis. Appellant's first point of error is overruled.

As her third point of error, Appellant, complains that the admission of a copy of the promissory note was in violation of the best evidence rule. For a copy of a written instrument to be admitted, the original must be produced or reasonable account given for its absence unless there is no bona fide dispute as to whether it is an accurate reproduction of the original. Tex. Rev.Civ.Stat.Ann. art. 3731c (Vernon Supp. 1980). Since there was a bona fide dispute as to whether the copy of the note was an accurate reproduction of the original, the original should have been produced or a reason given for its non-production. *In the Matter of Bates*, 555 S.W.2d 420, 436 (Tex. 1977). The non-production of an original document is excused when it is established to the satisfaction of the court that the

document has been lost or destroyed, or that it is absent from the jurisdiction without the fault of the person offering the evidence. *Travis County Water Control and Improvement District No. 12 v. McMillen*, 414 S.W.2d 450, 452 (Tex.1966); *Clement v. Nacol*, 542 S.W.2d 265, 267 (Tex.Civ. App.-Fort Worth 1976, no writ). Appellee, at trial testified that the original of the note, was neither lost nor destroyed, but was "in her file in Bedford, Texas." We hold that the Appellee failed to reasonably account for the non-production of the original note, and thus the trial court erred in admitting the copy over the objection of Appellant. Appellant's third point of error is sustained. Having sustained Appellant's third point of error, we need not reach Appellant's second point of error, which concerned the refusal of the trial court to allow Appellant a trial amendment to plead the Statute of Limitations as a defense to the suit on the promissory note.

▉ Appellee supplies no argument or authorities in support of his cross points of error, numbered three, four, and five, therefore we may not consider them. The law is clear that points raised on appeal but not briefed are waived. *Glover v. City of Houston*, 590 S.W.2d 799, 801 (Tex.Civ.App.- Houston [14th Dist.] 1979, no writ).

That portion of the judgment providing for the divorce, child custody, child support, visitation, division of the community property and disposition of the Arlington property, is affirmed. The judgment concerning the counterclaim of Appellee on the promissory note is reversed, severed and remanded for a new trial.

Affirmed in part, reversed and remanded in part.