**Raul ROMERO, Appellant,**

v.

**CMA, INC., Individually, and d/b/a Construction Management Associates, Appellee.**

**No. 08-90-00283-CV.**

Court of Appeals of Texas, El Paso.

March 20, 1991.

Rehearing Overruled April 17, 1991.

Carl Crow, Kevin Dubose, Perdue & Todesco, Houston, for appellant.

Carl H. Green, Mark C. Walker, Grambling & Mounce, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

FULLER, Justice.

Raul Romero was injured on the job when he raised a joint of copper tubing into an electric utility line. In a suit against the general contractor, the jury returned a verdict against the general contractor. Judgment was entered pursuant to the jury verdict. We affirm.

*Facts*

At the time of the unfortunate accident, Raul Romero was twenty-four years' old and was working for Gray Refrigeration on a construction site. Appellee CMA was the general contractor and had contracted with Gray Refrigeration to do certain work. On June 20, 1986, while in the course and scope of his employment for Gray Refrigeration, Raul Romero raised a joint of copper pipe striking an electrical utility line. As a result of the accident, Raul Romero was seriously injured. His left hand was amputated and his right hand was rendered virtually useless because of extensive burns.

In his suit against the general contractor, Raul Romero alleged many acts of negligence while the general contractor in its answer alleged acts of negligence on the part of the injured Raul Romero. The trial court, at the conclusion of the evidence, submitted his charge to the jury which found that: (a) Raul Romero and CMA, Inc. were each 50 percent negligent in causing the accident.

The court then listed the elements of damages that the jury was to consider separately: physical pain and mental anguish, loss of earning capacity, disfigurement, physical impairment, medical care and personal assistance services.

Under this damage question, the jury found:

| | |
|---|---|
| Damages sustained in the past | $ 907,000.00 |
| Future damages sustained | $ 730,000.00 |
| TOTAL | $1,637,000.00 |

The jury having found Raul Romero 50 percent negligent reduces the total damage figure of $1,637,000.00 by one-half (*$818,-500.00*).

Appellant filed a Motion for New Trial asserting that the jury finding of $730,-000.00 as future damages was against the great weight and preponderance of the evidence. The trial court overruled the Motion for New Trial.

## POINT OF ERROR

By a single point of error, Raul Romero asserts that the trial court erred in overruling his Motion for New Trial because the amount awarded by the jury for future damages was against the great weight and preponderance of the evidence.

▬ In reviewing a contention that a jury finding is against the great weight and preponderance of the evidence, we must consider and weigh all of the evidence and determine whether the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 244 S.W.2d 660, (Tex.1951); *Glover v. City of Houston*, 590 S.W.2d 799 (Tex.App.—Houston [1st Dist.] 1979, no writ). We cannot substitute our judgment for that of the jury; therefore, if there is sufficient competent evidence of probative value, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.Civ.App.—El Paso 1981, no writ).

▬ Raul Romero's doctor, David Capen, a board certified orthopedic surgeon with a subspecialty of hand surgery, testified as to his treatment of the Appellant. He stated that Raul Romero had a difficult first year but was able to walk and talk but could not feed himself, nor dress himself and needed help with his morning personal hygiene. After Raul got his prosthesis, he noticed a change for the better. He learned to wash, shower, shave, brush his teeth, eat, use a telephone and drive a car. At the time of trial, the treating doctor testified no further surgery was planned. The doctor testified that Raul had the potential to control a joystick which could be used to work with computers. However, the doctor stated that this depended on his motivation, his mentality and the job market. He stated, "But I know that there is a potential out there for—because I have seen it with the quadriplegic people in the stroke wards and the stroke rehab-centers. There is something for him to do. But, as far as a laborer, he's a hundred percent impaired." The doctor also testified that the future would provide vast improvement in medical aids. The doctor felt that a tendon transfer operation would be possible on Raul Romero's right hand in another year.

The experts felt that Appellant appeared motivated, which was important in any recovery process. At time of trial, Raul Romero had not sought any rehabilitation help in regard to going back into the work force but he stated he had plans to go back to school. He had been residing with his mother at the time of the accident and was still living with her at time of trial.

Carl Hansen, who held a doctorate degree in the area of vocational rehabilitation, was called as a witness by Appellant. He was a full professor at the University of Texas and was employed by Appellant's attorney to do an analysis of the vocational disability to Raul Romero. Dr. Hansen rendered his opinion, based on Appellant's background and motivation, as to future possible employment, earnings and job market possibilities.

David Schauer, holder of a master's degree and Ph.D. from Notre Dame in economics testified as to the economic damages suffered by Appellant.

Appellant contends that the evidence placed before the jury by these experts as to Raul Romero's future economic loss would support an award by the jury totaling $1,978,753.00. Appellant says that the jury award of $730,000.00 simply cannot stand because the award is against the great weight and preponderance of the evidence.

■ Even though there is a disparity between the jury award and the evidence at trial, the amount awarded for future damages is largely left to the discretion of the jury. *South Texas Natural Gas Gathering Company v. Guerra*, 469 S.W.2d 899 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). The finding of the jury is entitled to great deference. *Sibert v. Enriquez*, 774 S.W.2d 812 (Tex.App.—El Paso 1989, writ denied).

■ A jury is not bound but may be guided by expert and lay testimony. The jury may reject all or any part of the evidence concerning the alleged injuries, and the jury may determine the credibility of any and all of the witnesses and the weight to be given their testimony. *Clark v. McFerrin*, 760 S.W.2d 822 (Tex.App.—Corpus Christi 1988, writ denied).

## CONCLUSION

There is no contention that the jury finding was the result of passion or prejudice. The evidence would certainly have supported a different award but we are not in a position, rightfully, to second guess the jury. The witnesses were before them, including the Appellant himself. The jury award is not so against the great weight and preponderance of the evidence so as to justify a new trial.

Point of Error No. One is overruled.

We affirm the judgment of the trial court.