Heath v. Dudley 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-069-CV

     PATRICK W. HEATH,
                                                                                              Appellant
     v.

     FAYE DUDLEY D/B/A DUDLEY PROPERTIES 
     D/B/A WOODSIDE APARTMENTS,
                                                                                              Appellee
 

From the 14th District Court
Dallas County, Texas
Trial Court # 90-4319-A
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Heath (plaintiff-tenant) from a take-nothing judgment in his
suit for damages against Appellee Dudley (defendant-landlord), arising from an apartment fire
after Heath's electricity had been disconnected.
      On December 5, 1989, prior to moving into an apartment owned by Dudley, Heath contacted
TU Electric to transfer the electricity from Dudley's name to his name. The transfer was never
made and TU Electric continued to send bills for Heath's apartment to Dudley. On December 14,
1989, upon receipt of a bill for Heath's apartment, Dudley contacted TU Electric to have the
account removed from her name. On the afternoon of December 14, 1989, Heath came home
from work and found that his electricity was cut off. He contacted TU Electric who told him
action would be taken as soon as possible to restore electricity to his apartment. Heath then went
out to supper with friends. Upon returning home at 1:30 A.M. on December 15, Heath found that
the power had not been restored. He called TU Electric several times to complain. TU Electric's
agents came to the apartment about 6:45 P.M. on December 14, and again at 4:00 A.M. on
December 15, but did not find anyone at home or gain access to the meter because it was behind
a fence.
      Heath and a companion lit candles and started a fire in the fireplace, went to sleep about 2:00
or 2:30 A.M. on December 15, and were awakened by the noise of the apartment burning about
5:30 A.M.
      The smoke detector which was powered by electricity did not sound. Heath suffered physical
injuries from burns, lost most of his belonging, was hospitalized five days and was off work for
two months.
      Dudley filed this suit against Dudley and TU Electric asserting claims for negligence, breach
of contract, breach of warranty, violations of the Texas Property Code and Deceptive Trade
Practices Act. Heath settled his claim against TU Electric for $20,000 and dismissed it from the
case.
      Heath contended TU Electric cut off the electricity and did not reconnect it; and that the fire
was caused by Heath lighting the candles and the fire in the fireplace, and then going to sleep.
      Trial was to a jury which answered questions submitted as follows:
(1)What percentage, if any, of the negligence, if any, that you find proximately caused
the occurrence in question, do you find should be attributed to each of the following,
if any?
(a) Heath?Answer: "0%"
(b) Dudley?Answer: "0%"
(c) TU Electric?Answer: "0%"
(2)Conditioned to answer to (1), other than 0% and not answered, (3) did the defendant
knowingly engage in any false, misleading or deceptive act or practice that was a
producing cause of damage to plaintiff?
(a)Knowingly?Answer: "No"
(b)False, misleading or deceptive act or practice?
                                                             Answer: "No"
(c)Producing cause?Answer: "No"
(4)Did the defendant knowingly breach an expressed or implied warranty with respect
to the occurrence in question?
(a)Expressed warranty?Answer: "No"
(b)Implied warranty?Answer: "No"
(c)Knowingly?Answer: "No"
(5)Did the defendant fail to perform all of its obligations under the contract, if any, with
the plaintiff?Answer: "No"
(6) & (7) Damage issues were conditionally submitted and were not answered.
      The trial court rendered judgment that Heath take nothing and thereafter denied his motion
for a new trial. Appellant Heath appeals on five points which he denominates as A, B, C, D, and
E.
      Point A: "The trial court erred in refusing to grant plaintiff's motion for a trial amendment
on negligence per se where the issue had been previously asserted and so presented no prejudice
to defendant."
      Heath's third amended petition asserted that Dudley was negligent in:
"preventing TU Electric from restoring electrical service to [Heath's] apartment
[by] failure to provide reasonable access to the meter and violation of the Texas
Utilities Electric Company Tariff then in effect and approved by the Texas Public
Utilities Commission." 
(Emphasis added).
      On the third day of the trial, Heath filed a motion for trial amendment of pleadings to conform
with issues tried without objection pursuant to Rule 67, Texas Rules of Civil Procedure, and
requested to add to the above "that such a negligence was per se."
      Heath asserted at trial, and now, that the amendment was not necessary to fairly plead the
cause of action, but merely served to clarify the pleadings by adding "per se."
      The requested amendment was based on Dudley's alleged violations of a public tariff
agreement between TU Electric and the State of Texas. The tariff was admitted into evidence over
the objection of Dudley.
      The tariff required property owners make meters accessible to the electric company. Heath
offered no evidence to show that the facts underlying his claim for negligence per se were not
known to him before trial. The trial court denied leave to amend. Heath contends that Rule 67,
Texas Rules of Civil Procedure, gives him the right to amend and add "per se" to the negligence
asserted.
      Whether to permit a trial amendment is a matter addressed to the sound discretion of the trial
court, and an order denying leave to amend will not be disturbed absent a clear showing of abuse
of discretion. Vermillion v. Haynes, 215 S.W.2d 605, 609 (Tex. 1948). The burden of showing
that the trial court erred in refusing to permit a trial amendment rests on the party contending
error. Hardin v. Hardin, 597 S.W.2d 347, 350 (Tex. 1980).
      Rule 67 permits a trial amendment when issues not raised by the pleadings are tried by
express or implied consent of the parties. Here, the issue of negligence per se was not tried by
consent. The statute allegedly violated was a public utilities tariff. Dudley's counsel objected
twice to the introduction of the tariff into evidence. The objections were overruled and the exhibit
was admitted.
      Moreover, trial by consent does not apply where the evidence on the non-pleaded matter is
relevant to issues that were pleaded, such that it would not be calculated to elicit an objection. 
Austin Teachers FCU v. First City Bank, 825 S.W.2d 795, 800 (Tex. App.—Austin 1992). Heath
plead that Dudley's alleged violation of the tariff constituted negligence. Thus any evidence
concerning Dudley's knowledge and compliance with the tariff was applicable to Heath's
negligence claim and Dudley would not be required to object.
      Heath has not shown that the trial court abused its discretion in denying the trial amendment. 
The new matter was known to Heath well before trial. In such situation the court does not abuse
its discretion in refusing to allow the amendment. Trailways Inc. v. Clark, 794 S.W.2d 479, 492
(Tex. App.—Corpus Christi 1990, writ denied); Missouri Pacific Ry. v. Buenrostro, 853 S.W.2d
66, 70, 71 (Tex. App.—San Antonio 1993, writ denied).
      Point A is overruled.
      Point B: "The trial court erred in refusing to submit plaintiff's First Amended Proposed Jury
Instruction No. 2, concerning negligence per se."
      Heath contends that even without his requested trial amendment that he plead negligence per
se. He requested the following jury instruction:
"Negligence also means enclosing, making inaccessible, or by making accessible
only by means of a ladder, the electric meter to the apartment in question."
The trial court denied same. Health alleged Dudley was guilty of negligence in "preventing TU
Electric from restoring electric service to apartment 23, including failure to provide reasonable
access to the meter, and in violation of Texas Utilities Electric Company Tariff then in effect and
approved by the Texas Public Utilities Commission. (Emphasis added).
      The tariff states (in pertinent part) that it is the duty of the customer to provide space for the
meter, and that meters are not to be installed in any location accessible only by means of a ladder. 
The tariff further provides that the company "assists in determining the meter location and may
waive certain of these requirements for good cause."
      Negligence per se is the unexcused violation of a legislative enactment or an administrative
regulation which is adopted by the court as defining the standard of conduct of a reasonable
person. Missouri Pacific Ry. v. American Statesman, 552 S.W.2d 99, 103 (Tex. 1977).
      Heath argues that the tariff is an administrative regulation which should have been adopted
by the trial court as defining the conduct of a reasonable person. At trial Heath had the burden
of proof to convince the court that the purpose of the tariff was to afford protection to a class of
persons to which he belonged and that it was designed to protect against the hazard or injury
involved in this case. Carter v. Williams Somerville & Son, 584 S.W.2d 274, 278 (Tex. 1979).
      Heath presented no evidence that the tariff (1) was legislatively enacted; (2) created a standard
of conduct different from ordinary care; (3) was designed to protect a class of persons to which
he belonged; and (4) or was designed to prevent injuries or hazards of the type involved in this
case. 
      Instead Heath merely offered the tariff as an exhibit, and then questioned Dudley regarding
the meter provisions.
      The availability of the negligence per se rule does not mean that it is applied indiscriminately
to the purported violation of every administrative regulation. The power of adopting or rejecting
a proposed standard of conduct rests exclusively within the discretion of the trial court. Rudes v.
Gottochalk, 324 S.W.2d 201, 205 (Tex. 1959).
      A reading of the tariff discloses that it does not create a standard of care for the customers of
the utility. It relates to the utility's duty to provide electricity to the public at reasonable rates, and
does not create some standard of care on the part of the customers for independent tort actions
brought by third parties. Heath offered no evidence that the tariff applied to Dudley in any way,
nor did he establish that the tariff rises to the status of legally binding laws. Continental Oil Co.
v. Simpson, 604 S.W.2d 530 (Tex. App.—Amarillo 1980, n.r.e.); Wilson v. Goodyear Tire &
Rubber Co., 753 S.W.2d 442 (Tex. App.—Texarkana 1988, writ denied).
      Moreover, the evidence was that TU Electric had a key to the gate, never asked Dudley to
move the meter, and liked the fence because it kept people from turning the meter around and
using electricity for free. The requirement that the meter not be fenced in, or that TU Electric not
have to use a ladder, was waived.
      Point B is overruled.
      Point C: "The trial court abused its discretion in refusing to submit plaintiff's first amended
proposed Jury Issues 14-18 because ample evidence existed to warrant their submission."
      The trial court refused to submit Heath's following requested issues:
No. 14.Did Dudley or any of her agents interrupt or cause interruption of electrical
service to Heath?
No. 15.Did Dudley fail to make a diligent effort to repair or remedy a
condition in apartment 23 that materially affected the physical health
or safety of an ordinary tenant?
No. 16.Did Dudley fail to provide a smoke detector in good working order to
Heath on December 14-15, 1989?
No. 17.Were the failures of Dudley (above) a producing cause of damages to
Heath?
No. 18.(The damage issue).
      Heath's live pleadings contained nine specific allegations of negligence against Dudley. The
factual basis of these allegations was Dudley's alleged conduct in "causing the electricity to be shut
off to Heath's apartment," and in "failing to provide a smoke detector at the time of the fire."
      These exact same facts constituted the basis for Heath's claim for requested Questions 14- 18. 
These questions were based on the same factual allegations underlying Heath's other causes of
action, and were included in the broad form questions submitted to the jury. The trial court did
not err in refusing to submit the requested questions because they were simply different versions
or shades of the questions already submitted.
      The trial court has wide discretion in determining the proper questions and instructions to be
submitted to the jury. Mobil Chem. Co. v. Bell, 517 S.W.2d 245 (Tex. 1975). A judgment
should not be reversed because of the failure to submit other and various phases or different shades
of the same questions. Tex. R. Civ. P. 278; City of San Antonio v. Rodriguez, 856 S.W.2d 552.
558 (Tex. App.—San Antonio 1993, writ denied); Sheldon Pollack Cp. v. Falcon Industries, 794
S.W.2d 380, 383 (Tex. App.—Corpus Christi 1990, writ denied).
      The questions the trial court submitted adequately addressed the factual allegations made by
Heath and gave the jury the opportunity to consider the conduct complained of and to award
damages it deemed proper.
      Point C is overruled.
      Point D: "The trial court erred in refusing to admit Plaintiff's Exhibit 2 and related testimony
into evidence concerning the original contract between the parties and its destruction by
defendant."
      The trial court refused to admit Heath's Exhibit 2, a form lease such as the original lease
signed by both parties. The evidence was that Exhibit 2 was not the agreement of the parties. 
Exhibit 2 was not signed by Heath. Heath offered no evidence that the lease was lost or
destroyed. There was evidence that the apartments were foreclosed on after this case was filed
and that Dudley's records were given to the forecloser, "Fannie Mae." Heath offered no evidence
that the agreement was destroyed or was not obtainable from "Fannie Mae" through judicial
process. Having failed to establish that the original was lost or destroyed, Heath was bound by
the best evidence rule, and Exhibit 2 was not admissible. Arrechea v. Arrechea, 609 S.W.2d 852,
855 (Tex. App.—Houston [14th Dist.] 1980, n.r.e.). Heath offered no evidence that he attempted
to subpoena the document from "Fannie Mae." Thus, Heath did not satisfy his burden to account
for non production of the original, and the trial court correctly refused to admit Exhibit 2.
      Point D is overruled.
      Point E: "The trial court abused its discretion in denying plaintiff's motion for a new trial
where the findings of fact were clearly against the overwhelming weight of the evidence."
      Heath contends the evidence is overwhelming that a breach of contract occurred; and
overwhelming that Heath's electricity was disconnected as a direct result of Dudley's request to
TU Electric. 
      We must examine the entire record and set aside the jury's verdict only if it is so contrary to
the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).
      Heath cannot demonstrate that the jury's failure to find a breach of contract is overwhelmingly
against the great weight of the evidence when the alleged contract itself was neither introduced at
trial nor preserved for review on appeal.
      We think the great weight and preponderance of the evidence supports the jury's verdict and
shows that it was TU Electric, and not Dudley, who disconnected the utilities. We think the
evidence shows that Dudley requested the electric service be transferred to Heath's name. The
witness Graves, TU Electric's troubleshooter who came to the apartment on December 14 and 15
to reconnect the electricity, identified the TU Electric work order as reciting, "Cut in Error." The
record contains much evidence that TU Electric, and not Dudley, was at fault. We hold that the
verdict is not against the overwhelming preponderance of the evidence.
      Point E is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 24, 1995
Do not publish