**Appellee's motion to dismiss Denied, trial court's order Affirmed, Appellant's motions to supplement brief and exceed brief length Denied as Moot, and Memorandum Opinion filed March 24, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00629-CV

### IN THE INTEREST OF M.L.L.R., A CHILD

**On Appeal from the 507th District Court
Harris County, Texas
Trial Court Cause No. 2016-53465**

### MEMORANDUM OPINION

Pro se appellant U.L, the mother of the child at issue in this case, appeals from the trial court's October 27, 2021 order denying her motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA").[1]  We affirm.

---

[1] Although the order also denied a variety of other requests for relief appellant advanced before the trial court, her appeal solely contests the denial of her request for relief pursuant to the TCPA.

BACKGROUND

Although the case began in 2016 with pleadings pursuant to Title 5, Subtitle B of the Texas Family Code filed by both parties affecting their parent-child relationships with M.L.L.R., and those pleadings were ultimately resolved by an agreed judgment signed on November 21, 2017, the present stage of the parties' dispute began on August 13, 2021. That was when appellee B.K.R., the father of the child at issue in this appeal, filed a petition for enforcement pursuant to Chapter 157 of the Texas Family Code (part of Title 5 of the Texas Family Code), asserting that appellant had violated several provisions of the agreed judgment on multiple occasions. On September 14, 2021, appellant filed a document that, among its many requests for relief against appellee's petition, sought to dismiss the petition pursuant to the TCPA and sought monetary relief pursuant to the statute. The trial court held a hearing on appellant's filing October 19, 2021, at which one of the bases appellee provided for opposing the TCPA motion was his contention that his petition was exempt from appellant's TCPA motion. The trial court denied appellant's request for TCPA relief, along with the other requests advanced by the September 14th filing, in an order signed October 27, 2021. This appeal followed.

On February 17, 2022, appellee filed a motion to dismiss the appeal due to mootness. The motion's basis was an order signed on February 8, 2022 by the trial court, which both parties signed to note their approval and consent as to both form and substance. The order acknowledges that the parties had "settled all claims against each other" and dismisses with prejudice "all claims and causes of action" brought by appellee against appellant (as well as those brought by appellant against appellee). Appellant has filed a response to the motion contending it is not moot on the basis that her TCPA motion was not voluntarily disposed of and she is entitled to monetary relief on her TCPA motion. Appellee did not supplement the

appellate record with the order, nor did he provide the court with a copy of the settlement.

## ANALYSIS

As appellee's motion implicates this court's jurisdiction, we must address it first. *See Bd. of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424, 426 (Tex. 2002) ("Before addressing the merits of this case, we must first determine whether the controversy has become moot."); *In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 899 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[W]e first address [a party]'s mootness claim, because mootness is a threshold issue that implicates subject matter jurisdiction."). In order for an appeal to be moot, the appeals court's action cannot affect the rights of the parties. *Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.). By contrast here, although the pleading appellant challenged with her TCPA motion has already been dismissed by the trial court, she continues to advance her requests for monetary relief under the TCPA. Setting aside the question of whether appellant has a right to such relief that survived the trial court's February 8th order, there is an opportunity for a favorable ruling that could grant appellant relief and thus change the parties' rights with respect to each other. Accordingly, this case is not moot and appellee's motion advanced solely on the basis of mootness should be denied.

To be entitled to relief under the TCPA, the movant must show as an initial matter that the causes of action challenged by a TCPA motion are actually covered by the TCPA. *See United Food & Comm. Workers Int'l Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 511 (Tex. App.—Fort Worth 2014, no pet.). However, if the nonmovant proves that the disputed causes of action are exempt from TCPA challenges, they are entitled to prevail. *See Newspaper Holdings, Inc. v. Crazy*

3

*Hotel Assisted Living, Ltd.*, 416, S.W.3d 71, 89 (Tex. App.—Houston [1st Dist.] 2013, pet. denied), *overruled on other grounds by Castleman v. Internet Money Ltd.*, 546 S.W.3d 684 (Tex. 2018).

We conclude appellee successfully proved his petition for enforcement was exempt from appellant's TCPA challenge. As previously mentioned, appellee's petition was brought pursuant to Chapter 157 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 157.001 (noting that "[a] motion for enforcement as provided in [Chapter 157] may be filed to enforce any provision of a temporary or final order rendered in a suit"). Chapter 157 is part of Title 5 of the Texas Family Code, and the TCPA expressly exempts legal actions under that statutory compilation from its coverage. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(6) (noting the TCPA "does not apply to[] . . . a legal action filed under Title . . . 5[ of the] Family Code").

Appellant's brief does not defeat this conclusion, even when it is construed liberally as pro se pleadings must be. *See Sorrow v. Harris Cnty. Sheriff*, 622 S.W.3d 496, 501 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). Although appellant's brief attempts to show appellee's petition for enforcement is covered by the TCPA due to its content and various extrinsic evidence, appellee nevertheless could prevail by showing as he did that the challenged action is exempt from TCPA challenges. *Cf. Round Table Physicians Grp., PLLC v. Kilgore*, 607 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (noting that when a TCPA movant satisfies their initial burden regarding the TCPA covering the challenged action, they are entitled to dismissal "unless an exemption applies"). The only other aspect of appellant's brief implicating whether an exemption applies here is her claim that appellee's petition is not exempt simply because it does not expressly assert it was advanced pursuant to Chapter 157 (and implicitly,

4

Title 5) of the Texas Family Code. But since the substance of appellee's petition is indisputably a request for relief pursuant to Chapter 157, the petition remains a Chapter 157 petition regardless of whether he expressly invoked the statute in the pleading, and thus remains exempt from appellant's TCPA motion. *Cf. Arrechea v. Arrechea*, 609 S.W.2d 852, 854 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) ("Courts look to the substance rather than the form [of a pleading] in determining the relief sought.").

As appellee's petition was exempt from dismissal by appellant's TCPA motion, the trial court was correct to deny appellant relief for her TCPA motion, whether in the form of a dismissal or monetary relief.[2] Accordingly, we affirm the trial court's order denying appellant's TCPA motion.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[2] Appellant has also filed motions to supplement her brief and exceed limits on brief length as she wishes to file a supplement regarding the amount of monetary relief she seeks with her TCPA motion. As appellant's proposed supplement does not provide any basis for relief at all, we deny those motions as moot.